1  Perrie M. Weiner (SBN 134146)
2    perrie.weiner@bakermckenzie.com
   Barry J. Thompson (SBN 150349)
3    barry.thompson@bakermckenzie.com
   Aaron T. Goodman (SBN 330791)
4    aaron.goodman@bakermckenzie.com
5  **BAKER & MCKENZIE LLP**
   10250 Constellation Blvd, Suite 1850
6  Los Angeles, California 90067
7  Telephone: +1 310 201 4728
   Facsimile: +1 310 201 4721
8
9  Attorneys for Defendant
   Douglas Edelman
10

11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14

15  STEPHEN BUSCHER, an individual,        Case No. 2:20-cv-09680-JVS-AFM

16             Plaintiff,                  **MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN
17      v.                                 SUPPORT OF DEFENDANT
                                           DOUGLAS EDELMAN'S
18  DOUGLAS EDELMAN, an individual, and    MOTION TO DISMISS
19  DOES 1-50, inclusive,                  COMPLAINT FOR LACK OF
                                           PERSONAL JURISDICTION**
20             Defendants.
                                           Date:  February 15, 2021
21                                         Time:  1:30 p.m.
22                                         Place:  Courtroom 10C
                                           Judge: Hon. James V. Selna
23
24                                         Complaint Filed: October 21, 2020
25
26
27
28

# **TABLE OF CONTENTS**

I.      INTRODUCTION…………………………………………………………..6

II.     BACKGROUND ........................................................................7

    A.      Plaintiff's Claims .........................................................7

    B.      Plaintiff's Jurisdictional Allegations.................................8

III.    LEGAL STANDARDS ..................................................................10

IV.     LEGAL ARGUMENT ...................................................................10

    A.      The Court Lacks General Jurisdiction Over Mr. Edelman ......................11

    B.      This Court Lacks Specific Jurisdiction Over Mr. Edelman....................12

        1.      Mr. Edelman Did Not Purposefully Avail Himself Of California ..........................................................13

        2.      Mr. Edelman Did Not Purposefully Avail Himself Of The Privilege Of Conducting Activities In California.........................13

        3.      Plaintiff Cannot Show That Mr. Edelman Availed Himself Of California Under The Alternative "Purposeful Direction" Test........................................................................17

        4.      Plaintiff's Claims Do Not Arise Out Of Mr. Edelman's Alleged Activities In California.......................................18

        5.      The Exercise Of Specific Jurisdiction Over Mr. Edelman Would Not Be Reasonable...........................................20

    C.      Plaintiff Is Not Entitled To Jurisdictional Discovery ..............................23

V.      CONCLUSION ..........................................................................23

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
   874 F.3d 1064 (9th Cir. 2017) ................................................................ 12

*Ballard v. Savage,*
   65 F.3d 1495 (9th Cir. 1995) ................................................................ 13

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008) ............................................................ 8, 18

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017) ..................................................................... 7, 14

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ..................................................................... 6, 9, 13

*Calder v. Jones,*
   465 U.S. 783 (1984) .......................................................................... 12

*Core-Vent Corp. v. Nobel Indus. AB,*
   11 F.3d 1482 (9th Cir. 1993) ...................................................... *passim*

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) ............................................................................ 6

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
   557 F.2d 1280 (9th Cir. 1977) ............................................................. 5

*Doe v. Am. Nat'l Red Cross,*
   112 F.3d 1048 (9th Cir. 1997) ........................................................... 14

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir. 2001) ............................................................... 5

*Dole Food Co., Inc. v. Watts,*
   303 F.3d 1104 (9th Cir. 2002) ...................................................... 15, 17

*Glencore Grain Rotterdamn B.V. v. Shivnath Rai Harnarain Co.,*
   284 F.3d 1114 (9th Cir. 2002) ........................................................... 17

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL MATTER JURISDICTION

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)......................................................................... 1, 6, 7

*HK China Group, Inc v. Beijing United Auto. & Motorcycle Mfg. Corp.*,
  417 Fed. App'x 664 (9th Cir. 2011) .................................................. 9

*Holland America Line Inc. v. Wartsila North America, Inc.*,
  485 F.3d 450 (9th Cir. 2007) ............................................................ 8

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945)........................................................................... 5

*Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*,
  783 F.3d 695 (7th Cir. 2015) ............................................................ 6

*Love v. Associated Newspapers, Ltd.*,
  611 F.3d 601 (9th Cir. 2010) ............................................................ 13

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) .......................................................... 8

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) .......................................................... 13

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ............................................................ 14

*Ochoa v. J.B. Martin & Sons Farms, Inc.*,
  287 F.3d 1182 (9th Cir. 2002) .......................................................... 16

*Pac. Atl. Trading Co. v. M/V Main Express*,
  758 F.2d 1325 (9th Cir. 1985) .......................................................... 18

*Peterson v. Kennedy*,
  771 F.2d 1244 (9th Cir. 1985) .......................................................... 8

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ................................................. 8, 9, 10

*RAR, Inc. v. Turner Diesel, Ltd.*,
  107 F.3d 1272 (7th Cir. 1997) .......................................................... 14

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ...................................................................... 15

3

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ....................................................... 7, 9, 17

*Sarkis v. Lajcak*,
    Case No. 08–cv–01911 RMW, 2009 U.S. Dist. LEXIS 95971
    (N.D.Cal. Oct. 15, 2009) ................................................................ 12

*SDS Korea Co. v. SDS USA, Inc.*,
    732 F. Supp. 2d 1062 (S.D. Cal. 2010) ......................................... 15

*Senne v. Kansas City Royals Baseball Corp.*,
    105 F. Supp. 3d 981 (N.D. Cal. 2015) ............................................ 12

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ......................................................... 8

*Shute v. Carnival Cruise Lines*,
    897 F.2d 377 (9th Cir. 1990) ......................................................... 16

*Sinatra v. Nat'l Enquirer, Inc.*,
    854 F.2d 1191 (9th Cir. 1988) ....................................................... 18

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................... 5

*Terracom v. Valley Nat. Bank*,
    49 F.3d 555 (9th Cir. 1995) ..................................................... 17, 18

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ........................................................... 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..................................................................... 1, 7

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
    704 F.3d 668 (9th Cir. 2012) ......................................................... 13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ..................................................................... 5, 7

*Young v. Actions Semiconductor Co.*,
    386 Fed. 623 (9th Cir. 2010) .................................................... 15, 18

4

**Other Authorities**

Rule 12(b)(2) ........................................................................................................ 5

Defendant Douglas Edelman ("Edelman") submits this memorandum of points and authorities in support of his Motion to Dismiss the Complaint of Plaintiff Stephen Buscher ("Plaintiff" or "Buscher") for lack of personal jurisdiction.

## I.    INTRODUCTION

Plaintiff's lawsuit advances the dubious contention that the Central District of California somehow has personal jurisdiction to adjudicate a dispute between Plaintiff, a citizen of Florida, and Defendant, a U.S. citizen currently living abroad, over an alleged joint venture operating in Mexico and Europe through various non-US corporate entities. The sole basis for this "contention" is that Plaintiff and Mr. Edelman supposedly met, over the course of a few days, in Los Angeles, California, nearly a decade ago, and while Mr. Edelman was here visiting his dying brother (which was the reason for his trip), to sketch out the broad strokes of a potential business venture. These meetings allegedly culminated in an oral agreement, over drinks at a hotel, to form a joint venture; but there is not even the back of a napkin to support this alleged cocktail agreement. And not a single aspect of the purported joint venture was performed in California, nor was it ever intended to be performed here. Under these circumstances, the Due Process Clause simply does not permit Mr. Edelman to be haled into this Court based on the happenstance that a few isolated meetings took place in California, long before any of the purported contractual breaches or torts occurred.

Given this extraordinarily tenuous nexus, Mr. Edelman moves to dismiss this case for lack of personal jurisdiction. Plaintiff cannot allege general personal jurisdiction against Mr. Edelman, who does not live in California, or even the United States, and has not lived in California since approximately 1990. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Nor does Plaintiff allege facts that would support specific personal jurisdiction against Mr. Edelman. "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum

State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). But Plaintiff does not allege any connection at all between Mr. Edelman's alleged conduct giving rise to this suit and California. Instead, the Complaint is replete with allegations demonstrating that this case has virtually nothing to do with California. Among other things, the Complaint alleges that Plaintiff lived in Utah and Mexico for purposes of the joint venture, traveled to, and pursued business ventures on behalf of the alleged joint venture in Mexico and Europe, and, as a result of his work, is entitled to shares in Dutch and British Virgin Islands companies. None of this has anything to do with California.

Consequently, Plaintiff has not -- and cannot -- provide this Court with any legitimate basis to exercise personal jurisdiction over Mr. Edelman, and this action must be dismissed.

## II.    BACKGROUND

### A.    Plaintiff's Claims

Plaintiff's claims arise out of an alleged joint venture in which Plaintiff purportedly spent six years developing various oil and gas related business opportunities in Mexico, Russia, Canada, and Nevada ("Alleged Joint Venture"). Compl. ¶¶ 117-64. Plaintiff alleges that he and Mr. Edelman briefly met in 2012 in Los Angeles California and, over the course of a few days, reached a verbal agreement to form the Alleged Joint Venture. *Id*. ¶¶ 77-80. Plaintiff omits to allege, however, that these purported meetings occurred in Los Angeles because Mr. Edelman happened to be there to see his dying brother, not because Mr. Edelman had business there, and not for the purpose of meeting Plaintiff. *See* Declaration of Douglas Edelman ("Edelman Decl."), ¶ 8 (*concurrently filed with this motion*). Plaintiff alleges that he thereafter formed a Delaware limited liability corporation to serve as his personal holding company for purposes of the Alleged Joint Venture. Compl. ¶ 86. Plaintiff alleges that, after pursuing multiple opportunities on behalf of the Alleged Joint Venture, Mr. Edelman failed to issue shares to Plaintiff in a British Virgin

7

Islands company, Lang Holding International Ltd. (BVI) ("Lang"), and a Dutch company, Lanius B.V. ("Lanius"). *Id.* ¶ 310-11.[1]

## B.    Plaintiff's Jurisdictional Allegations

Plaintiff alleges that he is a citizen of Florida, and offers no allegations suggesting that he has any connection to California. *See* Compl. ¶ 16. Mr. Edelman is a United States citizen but is not a resident or citizen of any state. Edelman Decl., ¶3. Mr. Edelman, as Plaintiff concedes, lives outside of the United States (Compl. ¶ 12), and has lived outside of the United States for at least approximately the past 25 years. *Id.* ¶ 2. Plaintiff also alleges that Mr. Edelman has not lived in any state in the United States for the better part of three decades. *See id.* ¶¶ 17, 22, 24, 37 ("Edelman has lived abroad since at least the early 1990s, in Russia, Kyrgyzstan, London (United Kingdom), Portugal, and Ibiza (Spain).").  Mr. Edelman has no relevant connection to California. He does not own property in California. *Id.* ¶ 5. He has never filed a lawsuit in California. *Id.* ¶ 6. And Mr. Edelman has not lived in California since, at the latest, approximately 1990. *Id.* ¶¶ 4-5.

Plaintiff's jurisdictional allegations with respect to specific jurisdiction are confined to a single paragraph alleging that "[t]his lawsuit's fundamental core is that Edelman and Mr. Buscher made promises to each other, entered into a contractual agreement based on those promises, and created fiduciary duties to each other while they were in the State of California." *Id.* ¶ 18. Plaintiff does not allege that these purported contractual and fiduciary duties are governed by California law. Plaintiff alleges that his purported "meetings" with Mr. Edelman in Los Angeles culminated in a May 9, 2012 meeting at a hotel in Los Angeles, in which they purportedly reached an oral agreement regarding the Alleged Joint Venture. *Id.* ¶ 316. Plaintiff omits the fact that Mr. Edelman and Plaintiff were not in some boardroom formally ironing out the details of this supposed business, but were casually meeting in social settings such

---

[1] Mr. Edelman reserves the right to dispute Plaintiff's claims against him, as well as the factual allegations in the Complaint, in the appropriate forum.

as a restaurant or bar. Edelman Decl. ¶ 9. Mr. Edelman does not recall ever meeting with Plaintiff in California after May of 2012 (*id.*), and Plaintiff does not allege otherwise.

While the Complaint is bereft of concrete factual allegations connecting this dispute to California in any meaningful way, the Complaint contains dozens of allegations detailing the decidedly non-California-based nature of the dispute. Among other things, the Complaint alleges that:

- Plaintiff moved to Utah and Mexico to perform the joint venture (Compl. ¶¶ 165-66);

- Plaintiff repeatedly traveled to Mexico and Europe to conduct meetings and business in furtherance of the joint venture (*id.* ¶¶ 166; 214; 216; 234; 244; 262);

- Plaintiff pursued numerous business opportunities in Europe and Mexico, but not a single one in California (*id.* ¶ 117-42, 153-75); and

- The joint venture operated through various business entities organized under the laws of Delaware and foreign countries, but not California (*id.* ¶¶ 86, 103 107; 129 163; 177).

Equally noteworthy is what the Complaint does ***not*** allege. For instance, Plaintiff does not allege that:

- He or Mr. Edelman ever lived in California during the Alleged Joint Venture's existence;

- He pursued any opportunities for the Alleged Joint Venture in California;

- The Joint Venture was comprised, even in part, of California-based corporations;

- Any business of the Alleged Joint Venture ever took place in California;

- Any wrongful conduct occurred in California or was directed towards California; or

9

- Any injury from Mr. Edelman's purported wrongful acts was felt in California.

In short, other than a discrete series of one-off meetings occurring nearly a decade ago (when Mr. Edelman came to see his dying brother), the Complaint does not offer a single allegation connecting this dispute to California.

## III. LEGAL STANDARDS

Due process limits the power of a court "to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). In evaluating whether the plaintiff has met this burden, the court may not take as true "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). When adjudicating a Rule 12(b)(2) motion, a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## IV. LEGAL ARGUMENT

Before exercising personal jurisdiction over Mr. Edelman, the Court must determine that it would be reasonable to require Mr. Edelman -- who lives outside of the United States, very rarely travels to California, and who dealt with Plaintiff almost entirely in Europe and Mexico -- to respond to a complaint in a California court. Indeed, due process requires that a nonresident defendant have sufficient minimum contacts with California to comport with traditional notions of fair play and substantial justice. *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310,

10

316 (1945). There are two forms of personal jurisdiction: (1) "general or all-purpose jurisdiction," and (2) "specific or conduct-linked jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 122-23 (2014). Nothing in the Complaint suggests that Mr. Edelman is subject to this Court's general or specific personal jurisdiction.

## A.    The Court Lacks General Jurisdiction Over Mr. Edelman

This Court cannot exercise general jurisdiction over Mr. Edelman. Plaintiff contends that general jurisdiction is established over Edelman "by virtue of the fact that, upon information and belief, Edelman is a citizen of the State of California." Compl. ¶ 22. A court may assert general jurisdiction over foreign defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations*, 564 U.S. at 919 (internal quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id*. at 924. "[R]andom, fortuitous, or attenuated" contacts will not sustain a finding of general jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The burden is particularly high for Plaintiff because the Supreme Court has been trending away from the concept of general jurisdiction, describing it as an "obsolescing" one and noting the modern trend favors a specific jurisdiction analysis. *Daimler*, 571 U.S. at 133 & n. 8 ("general jurisdiction has come to occupy a less dominant place in the contemporary scheme"). "In recent years, the Supreme Court has clarified and, it is fair to say, raised the bar for this type of jurisdiction." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). Plaintiff makes no effort to allege facts that come remotely close to the increasingly high threshold for general jurisdiction.

Nor could Plaintiff allege any facts that might remotely suggest that general jurisdiction exists. Mr. Edelman has lived abroad for at least approximately the last 25 years. Edelman Decl. ¶ 2.  He owns no property in California and has never filed a lawsuit in California. *Id*. ¶¶ 5-6. In short, he conducts no activity in California that

is "so continuous and systematic as to render [him] at home" in California. Plaintiff does not allege or describe any connections to California other than conclusory allegations that he once -- far in the past -- lived in California. Mr. Edelman's contacts with California are insufficient for the Court to exercise general jurisdiction over him.

**B.    This Court Lacks Specific Jurisdiction Over Mr. Edelman**

To exercise specific jurisdiction over a defendant, a court must conclude that the defendant's "suit-related conduct" creates a substantial connection with the forum state. *Walden*, 571 U.S. at 284. As the Supreme Court underscored, specific jurisdiction requires more than "general connections with the forum;" rather, "the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017) (quotation marks omitted). That is, the court must find a substantial relationship between the forum, the defendant, and the particular plaintiff's claim, so that it is "reasonable" to force the defendant into that court to defend against that claim. *World-Wide Volkswagen*, 444 U.S. at 292; *see also, e.g., Goodyear Dunlop Tires Operations*, 564 U.S. at 919 (specific jurisdiction "depends on an affiliation between the forum and the underlying controversy," and a court asserting specific jurisdiction therefore is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction").

In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991). "Each of the three tests must be satisfied to permit a district court to exercise limited personal jurisdiction over a non-resident defendant." *Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985). Plaintiff cannot satisfy any of them.

### 1. Mr. Edelman Did Not Purposefully Avail Himself Of California

The first test -- the purposeful availment test -- can be stated in terms of either "purposeful direction" or "purposeful availment." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). For contract claims, courts apply a "purposeful availment" analysis to determine whether the defendant has "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (brackets omitted). In intentional tort cases, courts generally apply a "purposeful direction" analysis, which looks "to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Id.*; *accord Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). Regardless of what test the Court applies, Plaintiff cannot demonstrate specific jurisdiction.

### 2. Mr. Edelman Did Not Purposefully Avail Himself Of The Privilege Of Conducting Activities In California

Plaintiff cannot satisfy the purposeful availment analysis, as he does not and cannot demonstrate that Mr. Edelman "performed some type of affirmative conduct [that] allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). The Complaint's only allegation relating to specific jurisdiction is that Plaintiff and Mr. Edelman purportedly executed an oral agreement and "created fiduciary duties" in California. Compl. ¶ 18. But merely contracting with the nonresident defendant is insufficient to establish jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008); *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) ("[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum.").

Instead, the focus is on whether the defendant's "business activities reach out beyond one state and create continuing relationships and obligations with citizens of another state." *Burger King*, 471 U.S. at 473. The Court must consider not just the

parties' "prior negotiations" but also the parties' contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991). For this reason, when analyzing purposeful availment, the court must "use a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tip up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Burger King*, 471 U.S. at 479 (internal quotation marks and citation omitted).

The Ninth Circuit's decision in *Picot* demonstrates why the Alleged Joint Venture is insufficient to establish this Court's personal jurisdiction over Mr. Edelman. There, the parties' performance of a contract did not establish purposeful availment of California even though the plaintiff fulfilled his obligations under the agreement by seeking out investors and buyers in California and the defendant had twice traveled to California in performing the contract. 780 F.3d at 1213. The court explained that the personal jurisdiction "inquiry is limited to examining contacts that 'proximately result from actions by the defendant himself.'" *Id*. (citing *Burger King*, 471 U.S. at 475). The "fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract." *Id*. The Court further explained that the "defendant's transitory presence" in California during his two visits held "no special place in his performance under the agreement as a whole." *Id*.; *see also HK China Group, Inc v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 Fed. App'x 664, 666 (9th Cir. 2011) (no personal jurisdiction where foreign corporation entered into an agreement with an in-forum corporation and held a few negotiation sessions in the forum).

Mr. Edelman's connection to this forum is multiple steps, and even more attenuated, from the *Picot* defendant. All events that could tie Mr. Edelman to this forum start and end with the alleged meeting with Plaintiff -- who is not even a citizen

14

of California -- that allegedly occurred "over the course of several days," more than eight years ago in Los Angeles. Compl. ¶ 77. According to the Complaint, on May 9, 2012, these meetings culminated in Plaintiff and Mr. Edelman entering into an "oral contract" at the Beverly Plaza Hotel in Los Angeles. *Id.* ¶ 317. These purported meetings hardly establish that Mr. Edelman purposefully availed himself of the benefits of California. Indeed, Mr. Edelman was only in Los Angeles at the time to see his dying brother, and had not traveled there for business or to see Plaintiff. Edelman Decl. ¶ 8. And the alleged meetings took place in social settings such as restaurants or bars, not in any office or boardroom. Edelman Decl. ¶ 9.

Nor does Plaintiff allege that he or Mr. Edelman performed any aspect of the purported Joint Partnership in California, that they ever contemplated performing any aspect of the Alleged Joint Venture in California, or that Plaintiff or Mr. Edelman even lived in California during the negotiation or performance of the Alleged Joint Venture. To the contrary, according to the Complaint, Plaintiff is a citizen of Florida (*id.* ¶ 11), and in furtherance of the Alleged Joint Venture, lived in Utah and Mexico. *Id.* ¶ 165-66. Further, Plaintiff alleges that, as part of his duties, he traveled -- not to California -- but repeatedly to Mexico, Europe, and unspecified locations in North America. *Id.* ¶¶ 158 (Mexico), 166 ("dozens" of trips to Mexico), 214 (London), 216 (London) 220 (North America), 231 (North America), 233 (North America), 234 (Mexico) 244 (Mexico), 262 (Austria). Plaintiff also alleges he held a shareholder's meeting for one of the Alleged Joint Venture's entities in Snowbird, Utah. *Id.* ¶ 305. None of this involved California.

Other features of the purported agreement, Alleged Joint Venture, and its performance confirm that Mr. Edelman did not avail himself of doing business in California. Indeed, the Complaint indicates that performance of the parties' purported Alleged Joint Venture exclusively involved: (1) non-California entities operated by non-California executives; and (2) pursuing business ventures and conducting negotiations and meetings outside of California. For instance, Plaintiff alleges that:

- He established a Delaware limited liability corporation to "serve as his personal holding company" for purposes of the alleged Joint Venture. Compl. ¶ 86.

- In furtherance of the purported Joint Partnership, Plaintiff registered a company in Cyprus (*id*. ¶ 97) that was co-owned by Plaintiff's Delaware LLC and a British Virgin Islands company (*id*. ¶ 103);

- Plaintiff's living expenses were paid by a company registered in Gibraltar (*id*. ¶ 107);

- Plaintiff pursued a potential business venture for the Alleged Joint Venture in Russia (*id*. ¶ 117);

- Plaintiff identified an opportunity to purchase a Canadian oil and gas producer (*id*. ¶ 126);

- Plaintiff pursued alleged business opportunities in Mexico and, together with other non-US entities and individuals, formed a "Mexican Joint Venture" (*id*. ¶ 160-61) and formed Lanius, a Dutch corporation, to participate in the Mexican Joint Venture (*id*. ¶163);

- Plaintiff and the other Mexican Joint Venture partners agreed to form a Mexican company, Sirius Energy SA de CV (*id*. ¶ 177);

- Plaintiff "built a sophisticated and proprietary Mexican nationwide energy storage, transportation, and trading model (*id*. ¶ 182).

Plaintiff also alleges that his purported damages all arise from non-California entities that conduct no business in California. In particular, Plaintiff alleges that: (1) Lang, a British Virgin Islands company, has not issued him shares; (2) Lanius, a Dutch company, has not issued him shares; (3) a Gibraltar-based company has stopped paying him allegedly-required living expenses; and (4) he "has been removed from any involvement with Sirius," a Mexican company. *See id*. ¶¶ 310-13.

One-off, transitory meetings do not suffice to establish personal jurisdiction. "[C]ourts have found that even where the contract was negotiated and signed in the

forum, there is no purposeful availment if this was but a 'one shot' contact with no future performance envisioned in the forum." *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1024 (N.D. Cal. 2015); *Sarkis v. Lajcak*, Case No. 08–cv–01911 RMW, 2009 U.S. Dist. LEXIS 95971, at *9-10 (N.D.Cal. Oct. 15, 2009) (job advertisement circulated in California was not sufficient to establish purposeful availment in California, where performance of contract was entirely in Bosnia, even though defendant communicated with plaintiff in California during negotiations that led to signing of contract). "[I]n evaluating the future consequences of a contract, it is the 'economic reality' that matters." *Senne*, 105 F. Supp. 3d at. 1024. The "economic reality" of the facts alleged here do not concern California, and purposeful availment cannot be demonstrated here.

   3. *Plaintiff Cannot Show That Mr. Edelman Availed Himself Of California Under The Alternative "Purposeful Direction" Test*

  Even if this Court were to apply the "purposeful direction" analysis to Plaintiff's tort and UCL claims, the conclusion would be the same. For Plaintiff to prove that Mr. Edelman purposefully directed its activities towards California, he must satisfy the three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). Under the effects test, Plaintiff must prove that Mr. Edelman "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation marks omitted).

  Plaintiff cannot satisfy this test because he cannot show that Mr. Edelman committed any intentional act -- much less one aimed at California and that caused harm there. The Alleged Joint Venture is not aimed at this forum because a targeted act must be "targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012). Plaintiff is not a citizen of California. No business entity involved in

17

the Alleged Joint Venture is a California corporation or operates in California. No aspect of the Alleged Joint Venture was ever performed in California. And none of the alleged tortious conduct that would be subject to the purposeful direction test occurred in, or was aimed at California. The only alleged actions occurring in California were purported contractual negotiations, and those actions are only relevant to the purposeful availment test for contract claims discussed above. Accordingly, Plaintiff cannot seriously contend that any wrongful tortious act was "expressly aimed" at California or that Mr. Edelman knew any purported harm from an allegedly tortious act would be suffered in California. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) (finding no personal jurisdiction over a defendant where the defendant did not purposefully direct any relevant intentional acts at the forum state).

### 4. *Plaintiff's Claims Do Not Arise Out Of Mr. Edelman's Alleged Activities In California*

Even if Plaintiff could meet the purposeful availment requirement, he cannot show that this litigation results from "injuries that arise out of or relate to" Mr. Edelman's alleged activities in California, the second step in the specific jurisdiction analysis. *Burger King*, 471 U.S. at 472 (internal quotation marks and citation omitted). The Ninth Circuit applies a "but for" analysis to determine whether the second element of the specific jurisdiction test is satisfied (*Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007)), asking whether the plaintiff's claims would not have arisen "but for" defendant's in-state activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Claims that are "too attenuated" from the alleged harm will not satisfy this test. *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

Plaintiff's allegations do not establish that Mr. Edelman's alleged minimal California contacts are integral to Plaintiff's claims. The only relevant California contacts are a few transitory meetings, occurring more than eight years ago. But as the Supreme Court explained in *Bristol-Myers*, specific jurisdiction requires a

showing of relevant activity in the forum, and that standard is not met when "all the conduct giving rise" to the specific claims at issue "occurred elsewhere." 137 S. Ct. at 1782; *see also id*. (holding that this standard was not met where no relevant conduct of the defendant occurred in California and where the relevant plaintiffs had not been injured in California by conduct of the defendant directed at California).

No part of Plaintiff's contract-based claims is dependent on the alleged one-off meetings that, purely out of happenstance and entirely unrelated to the future performance of that agreement, supposedly occurred in California. Rather, "in a breach of contract case, it is only the '***dealings*** between the parties in regard to the disputed contract' that are relevant to the minimum contacts analysis." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997) (emphasis added). As detailed above, all of the parties' alleged dealings over the course of eight years -- and the purported breaches thereof -- involved: (1) non-California corporations; (2) non-California citizens; (3) meetings in Europe, Mexico, Nevada, Utah, and unspecified locations in "North America;" (4) business ventures in Mexico and Europe; and (5) purported injuries flowing from the business dealings of Plaintiff (a Florida citizen) with foreign companies. Plaintiff simply lacks any forum-related activities out of which his claim could arise. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (no personal jurisdiction in Texas where the "hub of the parties' activities" was in Russia).

Plaintiff's tort claims must arise independently from Plaintiff's purported contractual claims, or else they are barred by the economic loss rule.[2] Accordingly, these tort claims cannot be predicated on Plaintiff's alleged contractual negotiations, and thus, they lack even that tenuous connection to California. As a result, Plaintiff

---

[2] The economic loss doctrine requires a party "to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL MATTER JURISDICTION

cannot show that these tort claims would not have arisen "but for" any in-state activities because no in-state activities by Mr. Edelman give rise to any of the non-contract claims -- let alone a substantial part of such activities. *See SDS Korea Co. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062, 1081 (S.D. Cal. 2010) (dismissing for lack of personal jurisdiction and improper venue because the facts did not "demonstrate that any events, let alone a substantial part of the events, giving rise to Plaintiff's claims occurred in the Southern District").

The second prong of the jurisdictional test is therefore not satisfied, which provides another, independent reason for finding that the Court does not have specific jurisdiction here. *See Young v. Actions Semiconductor Co.*, 386 Fed. App'x 623, 627 (9th Cir. 2010) (concluding that "the Appellants' claims do not 'arise out of' Actions Cayman's California activities because those claims would still have arisen 'but for' Actions Cayman's California activities" and thus holding that the California court lacked specific jurisdiction).

   5.   *The Exercise Of Specific Jurisdiction Over Mr. Edelman Would Not Be Reasonable*

The third requirement of specific jurisdiction is that the exercise of jurisdiction must comport with "fair play and substantial justice" to be "reasonable." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002) (citation omitted). Ordinarily, the Ninth Circuit applies a seven-part test to assess whether the exercise of personal jurisdiction would be reasonable. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Here, the Court need not consider all seven factors because "the defendant's forum related activities [are] 'too attenuated'" from Plaintiff's claims, and in such a case "the exercise of jurisdiction would be unreasonable and therefore in violation of due process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). The patent unreasonableness of asserting personal jurisdiction here is shown by the fact that, if purported negotiations in restaurants and bars were enough, there would likewise be

specific jurisdiction in California over **any** dispute between two non-California business persons, pursuing alleged ventures outside of California, that do not in any way implicate California. A few days of alleged negotiations, occurring nearly a decade ago, do not make it reasonable for a California forum to take jurisdiction over claims for injury based on alleged tortious conduct and contractual breaches occurring outside of California and involving Mexican, Dutch, Gibraltar, Maltese and British Virgin Islands businesses that do not operate in California.

In any event, Plaintiff would clearly fail the Ninth Circuit's seven-factor test, which involves an analysis of: "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Id*. A foreign defendant establishes "a higher jurisdictional barrier than litigation against a citizen from a sister state." *Core-Vent Corp.*, 11 F.3d at 1489.

These factors cut sharply in Mr. Edelman's favor given the admitted fact that Plaintiff here is a resident of Florida. *Cf. Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir. 2002) (explaining that the forum state "has a strong interest in protecting its residents from injury and in furnishing a forum where their injuries may be remedied"); *Roth*, 942 F.2d at 624 (explaining that the "convenience and effectiveness of relief for plaintiff" favors litigating in the plaintiff's home state, since "no doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference"). Once those typically pro-plaintiff factors are stripped away, resolution of these factors becomes clear.

**First**, as explained above, Mr. Edelman has not injected himself into California's affairs. *See Dole Food*, 303 F.3d at 1114. Every aspect of the Alleged Joint Venture involves non-California corporations and the pursuit of business

21

ventures in Nevada, Europe, Canada and Mexico. Mr. Edelman has not sought California's protection. Any faint interest a Florida resident has in litigating his case in the Central District of California is outweighed by the interest of a person living abroad not doing so. *See e.g., Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (lack of out-of-state defendant's "purposeful interjection [in forum state] weighs heavily" in favor of defendants).

**Second**, it would be burdensome for Mr. Edelman, who lives outside of the United States, to defend himself in California. Because "the defendant is from a foreign nation rather than another state, the sovereignty barrier is high," thus "undermin[ing] the reasonableness of personal jurisdiction." *Glencore Grain Rotterdamn B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002); *see Core-Vent*, 11 F.3d at 1489.

The **third** and **fourth** factors relate to the respective forum states' interests in adjudicating the dispute. European countries and Mexico have an interest in adjudicating disputes involving business entities, run by European and Mexican residents and citizens, that were incorporated there and which continue to operate there. Meanwhile, California has virtually no interest in this case as it does not involve California citizens, California businesses, contractual performance in California, or torts committed in California. Considerations of efficiency further confirm that it would be unreasonable to force Mr. Edelman to litigate this case in California. "The site where the injury occurred and where evidence is located usually will be the most efficient forum." *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985). Here, Plaintiff's allegations themselves make clear that the purported injuries occurred outside of California, most of potential witnesses reside in Europe or Mexico, and none are in California. Even Plaintiff's own evidence is not located in California, as he neither lives there now, nor lived there during the performance of the Alleged Joint Venture.

The **sixth** and **seventh** factors are often evaluated together. *Core-Vent*, 11 F.3d at 1490. Plaintiff has the burden to show that it would be inconvenient to litigate this case in another forum. *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988). Plaintiff, who travels around the world on business, owns property in Austria, and does not even live in California, cannot seriously contend that the lack of a California forum would be a meaningful inconvenience. In any event, "[i]n this circuit, the plaintiff's convenience is not of paramount importance." *Young*, 386 Fed. App'x at 629.

### C.    Plaintiff Is Not Entitled To Jurisdictional Discovery

Plaintiff's facially insufficient jurisdictional allegations do not entitle him to jurisdictional discovery. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom*, 49 F.3d at 562 (brackets in original). Any request that Plaintiff may make for jurisdictional discovery would be "premised on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto*, 539 F.3d at 1020, as demonstrated by the dozens of allegations alleging the parties' purported course of dealing, over nearly a decade, in Mexico, Europe, and states other than California. Far more concrete and credible jurisdictional allegations would be necessary to justify jurisdictional discovery of an individual living abroad and who is not alleged to conduct business in California.

## V.    CONCLUSION

For all these reasons, respectfully, the Court should dismiss the Complaint for lack of personal jurisdiction.

1    Dated:  December 21, 2020             **BAKER & McKENZIE LLP**

2

3

4                                          By:    /s/ Perrie M. Weiner
                                                  Perrie M. Weiner
5                                                 Barry J. Thompson
                                                  Aaron T. Goodman
6                                                 Attorneys for Defendant
                                                  Douglas Edelman
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL MATTER JURISDICTION