Perrie M. Weiner (SBN 134146)
perrie.weiner@bakermckenzie.com
Barry J. Thompson (SBN 150349)
barry.thompson@bakermckenzie.com
Aaron T. Goodman (SBN 330791)
aaron.goodman@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

Attorneys for Defendant
Douglas Edelman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN BUSCHER, an individual,

Plaintiff,

v.

DOUGLAS EDELMAN, an individual, and DOES 1-50, inclusive,

Defendants.

Case No. 2:20-cv-09680-JVS-AFM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOUGLAS EDELMAN'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

Date: February 15, 2021
Time: 1:30 p.m.
Place: Courtroom 10C
Judge: Hon. James V. Selna

Complaint Filed: October 21, 2020

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ........ 6

II. BACKGROUND ........ 6

III. ARGUMENT ........ 8

A. Legal Standard For Dismissal Under Rule 12(b)(1) ........ 3

B. Federal Courts Are Courts Of Limited Jurisdiction ........ 3

C. Diversity Jurisdiction Does Not Exist Over A US Citizen Living Abroad ........ 4

D. Diversity Jurisdiction Does Not Exist, Where Mr. Edelman Is A "Stateless" American National Living In A Foreign Country ........ 7

IV. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*4052898 Manitoba, LTD. v. Titan Oil & Gas, Inc.*, No. SA-05-CA-0315 OG (NN), 2006 U.S. Dist. LEXIS 16183 (W.D. Tex. Feb. 27, 2006) .......... 10

*A-Z Int'l v. Phillips*, 323 F.3d 1141 (9th Cir. 2003) .......... 8

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504 (2nd Cir. 1991) *cert. denied,* 503 U.S. 1006 (1992) .......... 12

*Alla v. Kornfeld*, 84 F. Supp. 823 (N.D. Ill. 1949) .......... 10

*Bishop v. Averill*, 76 F. 386, 1896 U.S. App. LEXIS 2133 (USDC Washington 1896) .......... 11

*Blair Holdings Corp. v. Rubinstein*, 133 F. Supp. 496 (S.D.N.Y. 1955) .......... 11

*Cassina v. Barcel USA*, No. CV 14-4802 DSF, 2014 U.S. Dist. LEXIS 94677 (C.D. Cal. July 10, 2014) .......... 12

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996) .......... 10

*Garner v. Pearson*, 374 F. Supp. 580 (M.D. Fla. 1973) .......... 11

*Haggerty v. Pratt Inst.*, 372 F. Supp. 760 (E.D.N.Y. 1974) .......... 11

*Hammerstein v. Lyne*, 200 F. 165 (W.D. Mo. 1912) .......... 11

*Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000) .......... 8

*Hilsenrath v. Shepard*,
No. C-07-03586 EDL, 2007 U.S. Dist. LEXIS 71107 (N.D. Cal. Sep. 19, 2007) ........ 12

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ........ 13

*Lewis v. Sandor*,
No. CV 18-8615 PSG, 2019 U.S. Dist. LEXIS 212106 (C.D. Cal. July 31, 2019) ........ 10, 12

*Meyers v. Smith*,
460 F. Supp. 621 (1978) ........ 12

*Nguyen v. Aurora Loan Servs., LLC*,
No. SACV 11-05378 ........ 8, 9

*Pinkerton v. New Body MD LLC*,
No. SACV 18-02195JVS, 2019 U.S. Dist. LEXIS 21128 (C.D. Cal. Feb. 7, 2019) ........ 8

*Rodriguez v. Gonzalez*,
No. EDCV 14-02271 JVS (AN), 2014 U.S. Dist. LEXIS 161168 (C.D. Cal. Nov. 14, 2014) ........ 8

*Sadat v. Mertes*,
615 F.2d 1176 (7th Cir. 1980) ........ 11, 12

*Shaw v. Sears*,
No. SACV07-01361-JVS, 2009 U.S. Dist. LEXIS 140895 (C.D. Cal. Nov. 16, 2009) ........ 8, 9

*Stifel v. Hopkins*,
477 F.2d 1116 (6th Cir. 1973) ........ 11

*Stock West, Inc. v. Confederated Tribes of Colville Reservation*,
873 F.2d 1221 (9th Cir. 1989) ........ 8

*Turan Petroleum, Inc. v. Lentin*,
482 F. Supp. 2d 1170 (C.D. Cal. 2007) ........ 10, 12

*United Tactical Sys., LLC v. Edwards*,
No. CV 16-416-JFW, 2016 U.S. Dist. LEXIS 23414 (C.D. Cal. Feb. 24, 2016) ........ 10

*Wis. Dep't of Corr. v. Schacht*,
524 U.S. 381 (1998) ........ 9

*Ziady v. Curley*,
396 F.2d 873 (4th Cir. 1968) ........ 11

**Statutes**

U.S. Constitution Art. III, Sections 1 and 2 ........ 9

28 U.S.C. § 1331 ........ 8

28 U.S.C. § 1332 ........ 8, 9, 12

**Other Authorities**

Fed. R. Civ. P., Rule 12(b)(1) ........ 8

California Practice Guide: Federal Civil Procedure before Trial § 2:1162
(The Rutter Group 2015) ........ 10

13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
*Federal Practice and Procedure* § 3601 (2d ed. 1984) ........ 9

Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971) ........ 11

Defendant Douglas Edelman ("Edelman") hereby submits this memorandum of points and authorities in support of his Motion to Dismiss the Complaint of Plaintiff Stephen Buscher ("Plaintiff" or "Buscher") for lack of subject-matter jurisdiction. This motion follows Mr. Edelman's filing of his Motion to Dismiss for Lack of Personal Jurisdiction (and he does not consent by this filing to jurisdiction or venue of any kind but reserves all rights and defenses).

## I. INTRODUCTION

Plaintiff's case is styled as a kitchen-sink Complaint, alleging no less than thirteen causes of action against Mr. Edelman. This motion does not address Plaintiff's dubious effort to smear Mr. Edelman with his shotgun blast of false and offensive claims. Rather, this motion addresses the fundamental threshold failure -- and incurable inability -- of Plaintiff to establish this Court's subject-matter jurisdiction. The sole basis alleged by Plaintiff in support of jurisdiction over this case is 28 U.S.C. §§ 1332(a), "in that the matter in controversy exceeds $75,000" and "and is between citizens of different States or of a foreign state." Compl. ¶ 15. But to be a citizen of a State within the meaning of the diversity statute, a natural person must ***both*** be a citizen of the United States ***and*** be domiciled within a state.

As such, a U.S. citizen who lives abroad is not a citizen of any state for diversity purposes. As Plaintiff's own allegations establish, Mr. Edelman is a U.S. citizen who lives abroad, and has lived abroad, for many years. He is therefore "stateless," and cannot be sued in federal court on the basis of diversity jurisdiction. Accordingly, this Court lacks subject-matter jurisdiction and the case must necessarily be dismissed.

## II. BACKGROUND

Plaintiff is alleged to be a citizen of Florida. Compl. ¶ 16. Mr. Edelman has, in Plaintiff's own words, "gone to great lengths to avoid having established residency in any particular State, although he remains a United States citizen." *Id*. ¶ 17. Indeed, leaving the vitriol aside, Plaintiff is correct that Mr. Edelman is a United States citizen but is not a resident or citizen of any State. *See* Declaration of Douglas Edelman

("Edelman Decl."), ¶ 3 (*concurrently filed with this motion*). Plaintiff further alleges that Mr. Edelman "presently resides in London, England." Compl. ¶ 12. Nonetheless, Plaintiff alleges -- knowing it not to be true -- that, "to the extent [Mr.] Edelman is a citizen of any State, upon information and belief, it is California." Compl. ¶¶ 12, 17.

To put a point on it, Plaintiff hypothesizes that, ***perhaps***, "[w]hile Edelman has lived outside the United States for nearly 30 years, and has gone to great lengths to avoid having a domicile in the United States, upon information and belief, ***if*** any State in the United States can claim Edelman as a citizen, it is California." *Id*. ¶ 22 (emphasis added). In sum, Plaintiff's basis for subject-matter jurisdiction boils down to naked speculation that, *upon information and belief*, Mr. Edelman is either a citizen of California or is a citizen of a foreign country. But there is no need to speculate. As Plaintiff also repeatedly alleges, Mr. Edelman is not a resident or citizen of any State -- but has been living overseas for decades. *Id*. ¶¶ 17, 22, 24, 37 ("Edelman has lived abroad since at least the early 1990s, in Russia, Kyrgyzstan, London (United Kingdom), Portugal, and Ibiza (Spain)."). It is true that Mr. Edelman has continuously lived abroad for decades. Edelman Decl. ¶ 2. And it is also true that Mr. Edelman intends to continue living outside of the United States. *Id.* ¶ 4.

As a result, the Complaint speaks loudly and clearly both in what it says and what it does not say, all of which is determinative on the issue of subject-matter jurisdiction. There is no allegation that Mr. Edelman lives or is domiciled in California or any other State. There is no allegation that Mr. Edelman is a citizen of any country other than the United States. Rather, Mr. Edelman is a United States citizen and has lived abroad for at least approximately the last twenty-five (25) years. Edelman Decl. ¶¶ 2-3. He does not own property in California. *Id*. ¶ 5. He has never filed a lawsuit in California. *Id*. ¶ 6. And he has not lived in California since approximately 1990. *Id.* ¶ 5.

Accordingly, the law is quite clear that where the defendant is a United States citizen living abroad, there is no diversity of citizenship. And without diversity of

citizenship between the parties, there is no basis for subject-matter jurisdiction and Plaintiff's Complaint must be dismissed.[1]

## III. ARGUMENT

### A. Legal Standard For Dismissal Under Rule 12(b)(1)

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, the plaintiff always bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to properly plead subject-matter jurisdiction in the complaint. *Shaw v. Sears*, No. SACV 07-1361 JVS (ANx), 2009 U.S. Dist. LEXIS 140896, at *2 (C.D. Cal. Aug. 3, 2009); Fed. R. Civ. P. 12(b)(1). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Nguyen*, 2011 U.S. Dist. LEXIS at *5 (quoting *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514 (1868)); *see also Rodriguez v. Gonzalez*, No. EDCV 14-02271 JVS (AN), 2014 U.S. Dist. LEXIS 161168, at *1-2 (C.D. Cal. Nov. 14, 2014) ("a federal court may not entertain an action over which it has no jurisdiction"); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

### B. Federal Courts Are Courts Of Limited Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen*, 511 U.S. at 377 (1994). Federal subject-matter jurisdiction is limited to cases "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction") and cases where the matter in controversy is between "citizens of different States" ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332; *see also Pinkerton v. New Body*

[1] Mr. Edelman reserves the right to dispute Plaintiff's claims against him, as well as the factual allegations in the Complaint, in the appropriate forum.

*MD LLC*, No. SACV 18-02195JVS (DFMx), 2019 U.S. Dist. LEXIS 21128, at *2 (C.D. Cal. Feb. 7, 2019). Under 28 U.S.C. § 1332 "diversity jurisdiction," federal courts have original jurisdiction over civil actions where the parties are citizens of different States (or where one party is a citizen of a US state and the other is a citizen of a foreign state) and the amount in controversy exceeds $75,000. *Shaw v. Sears*, No. SACV07-01361-JVS (ANx), 2009 U.S. Dist. LEXIS 140895, at *13 (C.D. Cal. Nov. 16, 2009). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Nguyen v. Aurora Loan Servs., LLC*, No. SACV 11-05378 JVS (RNBx), 2011 U.S. Dist. LEXIS 164785, at *2 (C.D. Cal. Sep. 26, 2011). "Complete diversity" requires that every defendant must be a citizen of a different state than every plaintiff. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

**C. Diversity Jurisdiction Does Not Exist Over A US Citizen Living Abroad**

Article III, Sections 1 and 2 of the United States Constitution provide Congress with the authority to vest the federal courts with jurisdiction over controversies between citizens of different States, or between citizens of a state and citizens of a foreign country. 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3601 at 334-35 (2d ed. 1984). Congress first authorized diversity jurisdiction in the Judiciary Act of 1789. *Id.* The requirements for diversity jurisdiction are now set forth in 28 U.S.C. § 1332, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a); *see also 4052898 Manitoba, LTD. v. Titan Oil & Gas, Inc.*, No. SA-05-CA-0315 OG (NN), 2006 U.S. Dist. LEXIS 16183, at *13-15 (W.D. Tex. Feb. 27, 2006). Here, Plaintiff alleges on information and belief that either Mr. Edelman is a citizen of the state of California -- if any -- or, as a U.S. citizen living abroad, should be considered a "foreign citizen." Compl. ¶15. But that is not the standard for diversity (or alienage) jurisdiction and does not give rise to subject-matter jurisdiction.

It has been consistently held that a diversity suit may not be maintained under any subsection of 1332(a) by or against an American national, living abroad, unless that party is a citizen, i.e. domiciled, in a particular state of the United States. *Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1170 (C.D. Cal. 2007); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Indeed, "the language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity." *Turan Petroleum*, 482 F. Supp. 2d at 1171. This is because a United States citizen domiciled abroad is not a "citizen of a State" for diversity purposes. *United Tactical Sys., LLC v. Edwards*, No. CV 16-416-JFW (KSx), 2016 U.S. Dist. LEXIS 23414, at *2 n.1 (C.D. Cal. Feb. 24, 2016). Such "stateless citizens" cannot be sued in federal court on the basis of diversity jurisdiction. *See* California Practice Guide: Federal Civil Procedure before Trial § 2:1162 (The Rutter Group 2015); *Lewis v. Sandor*, No. CV 18-8615 PSG (JEMx), 2019 U.S. Dist. LEXIS 212106, at *2 (C.D. Cal. July 31, 2019) (U.S. citizens living abroad are considered "stateless" and destroy complete diversity); *Alla v. Kornfeld*, 84 F. Supp. 823, 824-25 (N.D. Ill. 1949) ("If a person establishes domicile in a foreign country, he loses his State citizenship but not necessarily his United States citizenship.").

Federal courts going back more than one-hundred (100) years have not hesitated to reject so-called "alienage jurisdiction," in cases between a U.S. citizen domiciled in the U.S. and a U.S. citizen domiciled in a foreign country. *See Blair Holdings Corp. v. Rubinstein*, 133 F. Supp. 496, 501-02 (S.D.N.Y. 1955) (citing cases); *Bishop v. Averill*, 76 F. 386, 387, 1896 U.S. App. LEXIS 2133, *2-3 (USDC Washington 1896) (collecting cases) ("I must hold that the court does not have jurisdiction. The defendants have, by removal from Montana, lost their citizenship in that state"); *Haggerty v. Pratt Inst.*, 372 F. Supp. 760, 762 (E.D.N.Y. 1974) ("By virtue of his Canadian domicile at the time of the commencement of the action, plaintiff . . . lost his state citizenship for diversity purposes even though he retained his national citizenship."); *Garner v. Pearson*, 374 F. Supp. 580, 588-89 (M.D. Fla. 1973) ("by the simple expedient of absenting one's self from the United States, an American citizen may succeed in avoiding federal diversity jurisdiction").

For example, in *Hammerstein v. Lyne*, 200 F. 165 (W.D. Mo. 1912), plaintiff (residing in the US) sued defendant (a citizen of the United States, residing permanently in London) for breach of contract, asserting diversity as the basis for subject-matter jurisdiction. The court held that there was no diversity jurisdiction, because defendant was not a citizen of any state, nor was he a foreign subject or citizen. *Id.*, 200 F. at 167. State citizenship for the purpose of the state diversity provision is equated with domicile. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Federal common law dictates the standards for determining domicile in this context. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *Ziady v. Curley*, 396 F.2d 873, 874 (4th Cir. 1968). To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home for at least a time. *See* Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971); *Sadat*, 615 F.2d at 1180 (applying these standards plaintiff was domiciled in Egypt and, as such, diversity jurisdiction did not exist).

Under this settled framework, an American national living abroad is not, by virtue of that domicile, a citizen or subject of the foreign state in which he resides, for purposes of the alienage jurisdiction prescribed in 28 U.S.C.S. § 1332(a)(2). *Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1170 (C.D. Cal. 2007). Stated another way, residing in a foreign state does not make a person a citizen of that foreign state. *Cassina v. Barcel USA*, No. CV 14-4802 DSF (ASx), 2014 U.S. Dist. LEXIS 94677, at *1 (C.D. Cal. July 10, 2014). Moreover, where plaintiff is a United States citizen, even if he is a dual citizen living abroad, he still cannot satisfy the alienage jurisdiction requirements. *Hilsenrath v. Shepard*, No. C-07-03586 EDL, 2007 U.S. Dist. LEXIS 71107, at *7-8 (N.D. Cal. Sep. 19, 2007). For purposes of diversity jurisdiction, only the American nationality of a dual national is recognized. *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 507 (2nd Cir. 1991) *cert. denied,* 503 U.S. 1006 (1992); *see also Sadat,* 615 F.2d at 1187 ("only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a).").

**D. Diversity Jurisdiction Does Not Exist, Where Mr. Edelman Is A "Stateless" American National Living In A Foreign Country**

Plaintiff concedes that to obtain diversity jurisdiction, Mr. Edelman must be either a resident of another U.S. state or a citizen or subject of a foreign state. *See* Compl. ¶ 15 (alleging the dispute is "between citizens of different States or of a foreign state); *Meyers v. Smith*, 460 F. Supp. 621, 624 (1978). Indeed, Plaintiff alternatively alleges that Mr. Edelman is either a citizen of the state of California or a citizen of a foreign state, while at the same time alleging (in contradiction) that Mr. Edelman is not domiciled in any state. Compl. ¶¶ 17, 22, 24, 37. Here, because Mr. Edelman is a U.S. citizen who has lived overseas for at least the last approximately twenty-five (25) years, he is "stateless" for the purposes of determining diversity jurisdiction. *Lewis v. Sandor*, No. CV 18-8615 PSG (JEMx), 2019 U.S. Dist. LEXIS 212106, at *2-3 (C.D. Cal. July 31, 2019). Moreover, even if Mr. Edelman held dual citizenship (which he does not), that still would not change the analysis.

As a result, all the Court need do is look to the allegations as stated in the Complaint to find that there is no basis for diversity (or alienage jurisdiction) alleged. Plaintiff merely alleges that Mr. Edelman was: (1) "born and raised" in California; (2) "***resided*** [past tense] in California for many years;" and (3) and "held (or holds) a California driver's license." Compl. ¶ 17 (emphasis added). An allegation about an individual's prior state of residence -- or even one about their current state of residence (which Plaintiff does not plead) -- does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "To be a citizen of a state, . . .[a] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858-59 (9th Cir. 2001). The Complaint does not allege -- and cannot allege -- that Mr. Edelman's domicile is California (or any other state). That Mr. Edelman in fact lives abroad, has lived abroad for decades, and intends to continue living abroad and not in California, is further and conclusively supported by Mr. Edelman's declaration, which establishes beyond any doubt that he cannot sue, or be sued, in federal court on the basis of diversity.

## IV. CONCLUSION

For all these reasons, respectfully, the Court should dismiss the Complaint for lack of subject-matter jurisdiction.

Dated: December 21, 2020 **BAKER & McKENZIE LLP**

By: */s/ Aaron T. Goodman*
Perrie M. Weiner
Barry J. Thompson
Aaron T. Goodman

Attorneys for Defendant
Douglas Edelman