1 | **HOLMES, TAYLOR, COWAN & JONES LLP**
Joel Athey (SBN: 214399)
2 | joel.athey@holmestaylor.com
811 Wilshire Boulevard, Suite 1460
3 | Los Angeles, California 90017
Tel: (213) 985-2200
4 | Fax: (213) 973-6282

5 | Attorneys for Plaintiff
STEPHEN BUSCHER

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 | STEPHEN BUSCHER, an individual,

| CASE NO: 2:20-cv-09680-JVS-AFM

13 |         Plaintiff,

| The Honorable James V. Selna

14 |     vs.

| **PLAINTIFF STEPHEN BUSCHER'S
OPPOSITION TO DEFENDANT
DOUGLAS EDELMAN'S MOTION
TO DISMISS COMPLAINT FOR
LACK OF SUBJECT MATTER
JURISDICTION PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURES 12(B)(1)**

15 | DOUGLAS EDELMAN, an individual,
and DOES 1-50, inclusive,

16 |         Defendants.

17

18

19 |

| Hearing Date: February 15, 2021
Hearing Time: 1:30 p.m.
Hearing Place: Courtroom 10C

20

21

22 |

| Complaint Filed: October 21, 2020

23

24

25

26

27

28

*(Left margin vertical text:)* HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ...................................................................................1

II.   FACTS AND PROCEDURAL HISTORY ..........................................3

     A.    Background Information .......................................................3

     B.    The Complaint's Jurisdictional Allegations .........................4

III.  ARGUMENT .........................................................................................5

     A.    Legal Standard .....................................................................5

     B.    Defendant Has Not Identified A New Domicile Outside California .............................................................................7

     C.    Extrinsic Evidence Shows Defendant Is Still Domiciled In California .............................................................................9

     D.    If He Is Not A Citizen Of California, Then Extrinsic Evidence Suggests Defendant May Be A Citizen Of Texas ...............................17

     E.    If Not Immediately Disposed To Deny The Motion, The Court Should Permit Jurisdictional Discovery And, If Necessary, Conduct An Evidentiary Hearing ........................................18

IV.  CONCLUSION....................................................................................19

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

i

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216 (9th Cir. 2020).........................6, 7

*Alla v. Kornfeld*, 84 F.Supp. 823 (N.D.Ill. 1949) ...............................................13

*Barber v. Varleta*, 199 F.2d 419 (9th Cir. 1952) ................................................8

*Bishop v. Averill*, 76 F. 386 (C.C.D.Wash. 1896) ...............................................13

Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F3d 1082 (9th Cir. 2014) .............6

*Carter v. McConnel*, 576 F.Supp. 556 (D. Nev. 1983)...........................................8

Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280 (9th Cir. 1977).............18

*Dreier v. United States*, 106 F.3d 844 (9th Cir. 1996) ..........................................6

EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074 (C.D. Cal. 2010)..........................................................................18

*Ehrman v. Cox Comms., Inc.* 932 F.3d 1223 (9th Cir. 2019) ..................................8

*Fikre v. FBI*, 142 F.Supp.3d 1152 (D.Ore. 2015)................................................18

*Greene v. United States*, 207 F.Supp.2d 1113 (E.D.Cal. 2002) ........................6, 19

*Haggerty v. Pratt Inst.*, 372 F.Supp. 760 (E.D.N.Y. 1974) ..................................14

*Hammerstein v. Lyne*, 200 F. 165 (W.D.Mo. 1912) ............................................14

Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122 (9th Cir. 2003).........................................................................................19

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001)...............................8

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986)...............................................7, 11

*Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985) ...................................................6

*Lewis v. Sandor*, No. CV 18-8615, 2019 WL 6655264 (July 31, 2019) ...............15

*Mason v. Arizona*, 260 F.Supp.2d 807 (D.Az. 2003) ........................................6, 19

*McCann v. Newman Irrev. Trust*, 458 F.3d 281 (3d Cir. 2006) ............................11

*Med. Assur. Co. v. Hellman*, 610 F.3d 371 (7th Cir. 2010)...................................6

*Middleton v. Stephenson*, 749 F.3d 1197 (10th Cir. 2014)...................................11

Mondragon v. Capital One Auto Fin., 736 F.3d 880 (9th Cir. 2013)......................6

HOLMES, TAYLOR, COWAN & JONES LLP<br>811 Wilshire Boulevard, Suite 1460<br>Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

*Payrovi v. LG Chem Am., Inc.*, --- F.Supp.3d ---, No. 5:20-CV-04144-EJD, 2020 WL 5798375 (N.D. Cal. Sept. 29, 2020) .....................................18, 19

*Rice v. Thomas*, 64 Fed.Appx. 628 (9th Cir. 2003) .................................7, 8

*Rosales v. United States*, 824 F.2d 799 (9th Cir. 1987).............................19

*Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980) .......................................16

*Turan Petrol., Inc. v. Lentin*, 482 F.Supp.2d 1170 (C.D.Cal. 2007) .......................13

*Washington v. Hovensa LLC*, 652 F.3d 340 (3d Cir. 2011) ...............................9, 11

## **STATUTES**

28 U.S.C. § 1322 ..................................................................5, 6, 18

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

iii

# I.    **INTRODUCTION**

Defendant Douglas Edelman is a purposefully elusive man. As detailed more fully in the Complaint and its attachment, Defendant (a California native) made a vast fortune supplying jet fuel and other products to the U.S. military's war efforts in Afghanistan through tenebrous connections in the former Soviet republic of Kyrgyzstan. By 2010, the U.S. Congress had grown so concerned about awarding billions of dollars in defense contracts to someone the Government knew virtually nothing about that the House Subcommittee on National Security & Foreign Affairs opened an investigation. Consistent with a pattern that emerged over many years, Defendant did everything possible to sidestep that investigation, including evading Congressional subpoenas, declining to testify, and relying on a network of offshore corporations, shell companies, blind trusts, proxies, and middlemen to obscure his personal and business interests. Congressional investigators eventually concluded that Defendant did own vast business interests, but did so through near-impenetrable layers of shell corporations and straw owners.

It is, therefore, unrealistic to expect Plaintiff to know every detail about Defendant's life, location, residence, and personal and business holdings, when Congressional investigators with subpoena power could not fully ascertain them. But Plaintiff has alleged enough facts in the Complaint (and by declarations accompanying this filing) to establish that this Court has subject matter jurisdiction over Defendant for the acts alleged in the lawsuit for the following reasons:

**First**, all of the necessary jurisdictional facts are alleged and uncontested except for that of Defendant's domicile. If the Court finds that Defendant is domiciled in a U.S. state other than Florida, then subject matter jurisdiction is appropriate.

**Second**, the facts alleged (and presented by Declaration with this filing) are sufficient to establish that Defendant is domiciled in California. Clear Ninth Circuit law states that a person's old domicile is not lost until a new one is acquired. Having established a California domicile creates a rebuttable presumption requiring Defendant

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

to present sufficient evidence of a new domicile.  In other words, while a natural person can be "stateless" for diversity purposes, they cannot be "domicile-less."  If California is no longer Defendant's domicile, then it is incumbent upon him to state his new domicile (*i.e.*, where he intends to live indefinitely) and present evidence in support.  Instead, Defendant's tepid declaration says only that he lives "outside the United States," which is not a location, and is insufficient to establish a new domicile.

And while Defendant claims he severed ties with California in 1990, Plaintiff has uncovered information that: (i) Defendant held a valid California driver's license from 2007 to 2017 (which presumably required him to provide residency documentation to obtain); (ii) was subject to a California state tax lien in 1993; (iii) leased office space in California for his various business activities from 2012 to 2013; (iv) paid California-based employees who worked on his business ventures from 2012 to the present; and (v) traveled to California for business meetings.  Weighing these alleged facts with Defendant's vague Declaration favors Plaintiff.

**<u>Third</u>**, Plaintiff uncovered evidence suggesting that Defendant may, at one point, have been a citizen of the State of Texas.  A background check determined that Defendant is affiliated with no fewer than eight residential addresses and three telephone numbers in the Austin, Texas area.  And it revealed that Defendant registered to vote in Texas, listing one of those residential addresses.  For diversity purposes, it is immaterial whether Defendant is a citizen of California or Texas, since either is diverse with Plaintiff's citizenship of Florida.

Taken as a whole, the facts alleged (which must be accepted as true at this stage) outweigh the incredibly brief, vague, and self-serving declaration submitted by Defendant regarding his domicile.  Accordingly, the Court should either deny the Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"), permit Plaintiff to conduct jurisdictional discovery to address inconsistencies in Defendant's Declaration, or hold an evidentiary hearing on these issues.

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

## II.   FACTS AND PROCEDURAL HISTORY

**A.   Background Information**

As detailed more fully in the Complaint, in May 2012, Defendant twice invited Plaintiff to Los Angeles, California, to engage in a series of meetings that resulted in the formation of a 50-50 partnership, in which Plaintiff and Defendant agreed to work together to investigate business opportunities in the international oil & gas industry. *See* Complaint ("Cmplt.") at ¶¶ 5, 72-84.  In the Declaration he filed in support of the Motion, Defendant confirmed that he met with Plaintiff in California in May 2012. *See* Dkt. No. 18-3 at ¶ 9.

Pursuant to their partnership agreement, Plaintiff agreed to: (i) resign from his job as a successful oil & gas executive; (ii) surrender his career (and substantial compensation) in order to devote all of his time and energy to looking for business opportunities for him and Defendant to invest in jointly as business partners; and (iii) transfer his ownership of valuable and proprietary oil & gas equipment to the partnership.  *See* Cmplt. at ¶ 5.  In return, Defendant agreed to provide the up-front capital for the partnership's investments.  *See id.*  Plaintiff and Defendant agreed that any profits from their business ventures would be split evenly.  *See id.*

For years, Plaintiff devoted himself to finding business opportunities for himself and Defendant.  *See id.* at ¶ 6.  In particular, from 2015 through the end of 2018, Plaintiff worked extensively on a business opportunity in Mexico.  *See generally* Cmplt. at ¶¶ 6, 153-187.  Plaintiff was the driving force behind developing, marketing, and monetizing this Mexican business opportunity.  *See generally* Cmplt. at ¶¶ 209-237.  Then, just as the Mexican business opportunity was on the verge of becoming very lucrative, Defendant undertook a series of actions to deny his partnership with Plaintiff, and has tried ever since to remove Plaintiff from the business opportunity that Plaintiff created, marketed, and developed.  *See generally* Cmplt. at ¶¶ 287-313.  Plaintiff filed this Complaint on October 21, 2020, to vindicate his rights pursuant to the Joint Partnership Agreement.

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California  90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

**B.     The Complaint's Jurisdictional Allegations**

The Complaint makes the following jurisdictional allegations that are not in dispute.  _First_, it alleges that Plaintiff is a United States citizen domiciled in the State of Florida.  *See* Cmplt. at ¶ 11.  The Motion does not dispute this allegation.  _Second_, it alleges that Defendant's conduct -- consisting of, *inter alia*, breach of contract, fraud, and breach of fiduciary duty -- damaged Plaintiff in an amount exceeding $75,000.  *See id.* at ¶ 15.  Again, the Motion does not dispute this allegation.  _Third_, it alleges that Defendant is a United States citizen.  *See id.* at ¶ 36.  Defendant affirmatively concedes that this is true.  *See* Dkt. No. 18-3 at ¶ 3.

Consequently, the Motion hinges on the final jurisdictional allegation, namely, that Defendant is a citizen of the State of California.  *See* Cmplt. at ¶ 12.  And that is where the parties diverge.  The Complaint alleges that Defendant was born and raised in Stockton, California, that he frequently traveled to California, has siblings living in California, and either held or still holds a California driver's license.  *See id.* at ¶ 36.  Additionally, the Complaint alleges that Defendant owns a film production company with a business presence in Los Angeles, California, and regularly conducts business in California.  *See id.* at ¶¶ 36, 294.  Subsequent facts discovered by Plaintiff show that Defendant paid California state taxes, owned a home in California, leased office space in California for business activities, paid California employees to work for his various business ventures, and owns a business that is currently partnered with a California company for purposes of a joint venture.

Absent discovery, it is difficult to get a clear picture of Defendant because he is constantly on the move, and hides his personal and business information through proxies, trusts, and shell companies in order to avoid scrutiny (governmental, tax, regulatory, or otherwise).  Indeed, Defendant's shadowy business dealings were the subject of Congressional investigations, culminating in a December 2010 report issued by the House Subcommittee on National Security and Foreign Affairs (the "Congressional Report").  *See* Cmplt. at ¶¶ 46-47, 51-53, & Exhibit A.

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

In other words, the record is clear that Defendant has a long history of going to great lengths to obscure his business activities, ownership interests, and location.  In fact, even without the benefit of fuller discovery, the Complaint contains allegations, based on Plaintiff's personal knowledge, about Defendant's ownership of business ventures through shell corporations and trusts registered in such far-flung havens as Gibraltar, Cyprus, the British Virgin Islands, and the Netherlands.  *See* Cmplt. at ¶¶ 42, 68, 97 129, 163.

Defendant has also gone to such lengths to avoid detection as to ignore a Congressional subpoena and instruct his counsel to misleadingly claim that his wife, rather than he, controls various business interests.  *See* Dkt. No. 1-1, pp 23-24 (noting Defendant's refusal to comply with a Congressional subpoena), 67 n.37 (same), 26 (determining that Defendant's wife "never had any active role with [Defendant's] companies" and that Defendant was their beneficial owner), and 68 n.47 (same). Likewise, the Complaint notes that Defendant demanded that his 50% interest in a property he and Plaintiff bought together in Austria be held in the name of Defendant's unemployed brother-in-law, Frederic Ledain, even though the funds to purchase Mr. Ledain's interest originated from an account owned and controlled by Defendant.  *See* Cmplt. at ¶¶ 66-69.  In short, it is very hard to know, with any confidence, what Defendant actually owns and where, since he uses straw men, proxies, trusts, and intermediaries to transact his business and personal activities.

### III.   ARGUMENT

**A.   Legal Standard**

Congress confers upon courts the authority to hear cases based upon so-called "diversity jurisdiction."  As pertinent to this case, this Court has subject matter jurisdiction so long as the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of different States."  28 U.S.C. § 1322(a)(1).[1]

---

[1] The Complaint also alleged so-called "alienage" jurisdiction, pursuant to 28 U.S.C. §

"A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). While there must be something more than "mere 'guesswork' … the burden of proof on a plaintiff 'should not be exceptionally difficult to bear.'" *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (quoting *Mondragon*, 736 F.3d at 884, 886).

The Court may hold an evidentiary hearing regarding disputed issues relevant to diversity jurisdiction. But "[i]f the court resolves a Rule 12(b)(1) motion on declarations alone without an evidentiary hearing, it must accept the factual allegations of the complaint as true." *Mason v. Arizona*, 260 F.Supp.2d 807, 815 (D. Ariz. 2003). Likewise, "in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party." *Greene v. United States*, 207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002) (citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996)); *Mason*, 260 F.Supp.2d at 815 (same). Moreover, diversity jurisdiction may be alleged on information and belief. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F3d 1082, 1087-1088 (9th Cir. 2014) (citing *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010); *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985)).

Taken together, these cases show that a plaintiff need not have all jurisdictional details at the time the lawsuit is filed. And if jurisdiction is contested, there either needs to be an evidentiary hearing or jurisdictional allegations must be accepted as true and construed in plaintiff's favor. In short, a self-serving declaration trying to defeat jurisdiction (such as the one offered by Defendant) is insufficient by itself.

---

1322(a)(2). However, because Defendant now clarifies that he is a United States citizen (*see* Dkt. No. 18-3 at ¶ 3), Plaintiff agrees alienage jurisdiction does not apply.

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

**B.      Defendant Has Not Identified A New Domicile Outside California**

As noted above, the only issue for the Court to consider in the Motion is Defendant's contention that he is not domiciled in California.  As alleged in the Complaint, California is Defendant's last known permanent residence.  *See* Cmplt. at ¶ 17.  Notably, neither the Motion nor Defendant's Declaration conflict with the Complaint's allegations.  Defendant claims that he has lived "outside the United States" for the last 25 years.  *See* Dkt. No. 18-3 at ¶ 2.  But he does not identify any new domicile after California.  Defendant merely states that he lives "outside the United States" and intends to continue doing so.  *See id.* at ¶¶ 2, 4.  Defendant denies that he has established citizenship in any foreign country.  *See id.* at ¶ 3.  And he has not identified any new permanent residence in any country.

More importantly, none of this changes the fact that, as alleged in the Complaint and supported by the Congressional Report, Defendant's most recent (and therefore current) domicile is California.  *See* Cmplt. at  ¶ 36; *see also* Dkt. No. 1-1 at p 28 (noting that Defendant is an American citizen from California).  While it may seem incongruous given the passage of time, this is true because there is a rebuttable presumption that, once established, a person's last known domicile remains their domicile until and "unless rebutted with sufficient evidence of change." *Adams*, 958 F.3d at 1221 (quoting *Mondragon*, 736 F.3d at 885).  While physical presence is a factor in determining a person's domicile, it is not dispositive. *See Rice v. Thomas*, 64 Fed.Appx. 628, 628-29 (9th Cir. 2003).  A person residing somewhere is not necessarily domiciled there, and thus is not necessarily a citizen of that place.  *See id.* at 629 (citations omitted).  Residence is only one factor in a domicile analysis.  *See id.*

"When the issue involves a change in domicile, additional principles of law apply.  First, a change of domicile requires more than physical presence at the new location, it also requires **evidence of an intent to remain there indefinitely**. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Second, a person's old domicile is not lost until a new one is

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

7

acquired. *Barber v. Varleta*, 199 F.2d 419, 523 (9th Cir. 1952); *see also* Restatement (Second) of Conflicts §§ 18–20 (1971). Derived from this general rule is the presumption in favor of an established domicile over one newly acquired. *Id.*"

*Rice*, 64 Fed.Appx. at 629 (emphasis added). *See also, e.g., Carter v. McConnel*, 576 F.Supp. 556, 558 (1983) (collecting cases) ("The rule in the Ninth Circuit and virtually all other jurisdictions is that a person's old domicile is not lost until a new one is acquired."); *Ehrman v. Cox Comms., Inc.* 932 F.3d 1223, 1227 (9th Cir. 2019) (residency is not equivalent to citizenship).

Even if Defendant resides "outside the United States" (regardless for how long), that fact alone is not sufficient to deprive the court of diversity jurisdiction because residency is not equivalent to domicile. "A 'natural person's state citizenship is [] determined by her state of domicile, not her state of residence.'" *Ehrman*, 932 F.3d at 1227 (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

Defendant's self-serving claim that he "intend[s] to continue living outside of the United States" (Dkt. No. 18-3 at ¶ 4) tells the Court nothing and is insufficient to establish a new domicile for diversity jurisdiction purposes. It fails to establish either element of the Ninth Circuit's test for changing domicile[2] because it neither identifies a new location of his domicile nor provides **evidence** demonstrating his intention to remain there **indefinitely**.

On the first point, "outside the United States" is not a location, so it is not sufficient to establish a new domicile. Defendant has to actually articulate his new domicile for the Court to consider it. On the second point, even if Defendant had articulated a new domicile (which he notably has not), he has provided no evidence to

---

[2] The Ninth Circuit articulated the two-part test to establish a new domicile as: (i) a physical presence at a new location; (ii) with the intention to live there indefinitely. *See e.g., Lew*, 797 F.2d at 752; *Ehrman*, 932 F.3d at 1227.

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

support the fact that this is a place that he intends to remain indefinitely.  And on this issue, courts have recognized that a "self-serving declaration … cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words."  *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  As discussed below, Defendant is simply asking the Court to take his word for it that he is no longer a citizen of California, but he will not say where he is now domiciled, and offers no evidence to support what he is saying.  Given his long history of avoiding scrutiny about where he lives and what he owns (*see* Dkt. No. 1-1 at pp 23-24, 26, 67 n.37, and 68 n.47), Defendant is not entitled to that benefit of the doubt.

## C.    Extrinsic Evidence Shows Defendant Is Still Domiciled In California

Defendant's own declaration works against him in this analysis.  By remaining as vague as possible, and failing to identify even a current residence (let alone a new permanent address or domicile), the declaration supports the Complaint's allegations that Defendant's last known (and therefore current) domicile is California.

Confronted with the allegations in the Motion and Defendant's Declaration, Plaintiff engaged a private investigator to conduct a background check on Defendant using publicly-available data sources.  *See* Declaration of Sisley Brunon ("Brunon Decl."), filed concurrently herewith.  The results were quite telling.

**First**, contrary to Defendant's suggestion that he severed ties with California in 1990, Defendant applied for, and the State of California issued him, a valid California driver's license in February 2007, which ***did not expire until February 2017***.  *See* Brunon Decl. at ¶ 5.  In other words, as of just a few years ago, Defendant still held a valid California driver's license.  Notably, the California Department of Motor Vehicles requires proof of California residency to issue a California driver's license.[3]

---

[3] *See* California Department of Motor Vehicles website (https://www.dmv.ca.gov/portal/uploads/2020/06/residency_docslist.pdf) stating that

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Presumably, Defendant provided information about his California residency in 2007 when he applied for his California driver's license, which belies his claim that he has had no residency in the state since 1990. This issue alone raises serious credibility and candor questions about Defendant's declaration. And Plaintiff can attest that Defendant used his California driver's license as a form of identification when renting a car, and upon information and belief, that Defendant used it when traveling from Mexico into California. *See* Declaration of Stephen Buscher ("Buscher Decl.") filed concurrently herewith at ¶ 21.

**Second**, Defendant owned a home in Stockton, California with his then-wife Rebecca Tassi. *See* Brunon Decl. at ¶ 6 & Exhibit A thereto. While he sold this home in 1990, the fact remains that this is the last residence that Defendant demonstrably and provably owned (at least in his own name) and lived at on a permanent basis. While 30 years is a long time, it is still incumbent upon Defendant to provide a new domicile if he is to replace his old one. And since California is the last place where domicile was established, it remains so until Defendant can convincingly establish a new one. By way of example, if a person chooses to live in hotels for 30 years while traveling around to different countries, they have not established a new domicile. And even if they spend long periods of time in different places but continually move on, they have still not established a new domicile. While a person can be "stateless" for purposes of diversity jurisdiction, they cannot be "domicile-less." If Defendant's domicile is not California (as he claims), then it must be somewhere. And it is incumbent on Defendant to identify his new domicile (beyond just "outside the United States") and provide evidence that this Court can rely on that he is being accurate and truthful about his intention to remain in this new domicile indefinitely.

---

"DMV will not accept an application without one accompanying residency document."

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

**Third**, the State of California filed a court case against Defendant for a tax lien in April 1993. *See* Brunon Decl. at ¶ 7. While it is unknown as to what tax year this pertains, this information strongly suggests that Defendant was a California taxpayer after 1990. Defendant has not identified when, or if, he stopped being a California taxpayer, so the Court and Plaintiff are left to guess.

Defendant's Declaration features other glaring deficiencies by which it fails to identify anything in the record that would establish an intent to permanently reside anywhere besides California. Courts look at numerous objective factors to determine intent to reside somewhere indefinitely, including: voting registration, maintenance of a driver's license, location of assets, and connection with the community and/or family. *See e.g., Lew*, 797 F.2d at 750; *Washington*, 652 F.3d at 344 (citing *McCann v. Newman Irrev. Trust*, 458 F.3d 281, 286 (3d Cir. 2006)); *Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014).

Even at this stage in the proceedings, no facts establish an intent to domicile anywhere but California. Currently, the record reflects that Defendant recently held a California driver's license (*see* Brunon Decl. at ¶ 5), which presumably required proof of residency (at least as of 2007). The Defendant was born and raised in Stockton, California. *See* Cmplt. at ¶ 36; *see also* Dkt. No. 1-1 at p 28 (Congressional Report identifies Defendant as an American citizen from California). As alleged in the Complaint, his family still lives in California. *See* Cmplt. at ¶ 36. The last known home that he owned (at least demonstrably in his name) was in California. *See* Brunon Decl. at ¶ 6 & Exhibit A. He last paid state taxes in California. *See id.* at ¶ 7.

Defendant also has longstanding and continuous business interests in California. **First**, Defendant requested that Plaintiff meet with him in Los Angeles on two separate occasions (and over multiple days) in order to negotiate the Joint Partnership (as that term is defined at ¶ 83 of the Cmplt.) over several sessions, and even paid Plaintiff's hotel costs for one of those trips. *See id.* at ¶¶ 72-83; Buscher Decl. at ¶¶ 4-6. **Second**, Defendant paid to lease an office for the Joint Partnership in

11

Newport Beach, California, between November 2012 and December 2013.  *See id.* at ¶ 10.  **Third**, Defendant hired, and for 18 months, paid Erlend Olson to act as a consultant to the Joint Partnership while Mr. Olson lived in California (*see id.* at ¶ 11), showing that the Joint Partnership had ongoing operations and activities in California for several years after the Joint Partnership Agreement was entered. **Fourth**, Defendant owns Story First Productions (later known as Atlantic Screen Productions), a film production company that has had operations, activities, office space, and employees in Los Angeles from 2012 to the present.  *See id.* at ¶¶ 22, 294; Buscher Decl. at ¶¶ 12, 14-16, 18.  **Fifth**, Defendant's film production company is in a joint venture or business partnership with Aftershock Comics, and upon information and belief, Aftershock is based in Los Angeles, California.  *See id.* at ¶ 17.

Apart from all of these ties to California, Defendant's Declaration is notable for what it **avoids** saying, and therefore supports a finding that Defendant remains domiciled in California:

- Defendant claims that he does not "**own** property in California" (Dkt. No. 18-3 at ¶ 5 (emphasis added)), but notably omits any claim that Defendant does not **rent or lease** a home or other property in the state, or is not the ultimate beneficial owner of property that is in the name of someone else;[4]

- Defendant's claim that he "never **filed** a lawsuit in California" (Dkt. No. 18-3 at ¶ 6 (emphasis added)) is narrowly tailored to avoid stating that he has never been party to a lawsuit in California;

- Defendant says nothing about whether he is still registered to vote in California, or is registered to vote in some other U.S. state;

---

[4] Defendant's claim that he does not own property in California is of minimal value. As detailed in the Congressional Report, Defendant consistently hides his ownership interests through strawmen, trusts, and proxies.  *See* Dkt. No. 1-1 at pp 23-24, 26, 67 (n.37), and 68 (n.47).  Plaintiff has first-hand knowledge that Defendant did the same regarding the property they jointly own in Austria.  *See* Cmplt. at ¶¶ 66-67.

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

- Defendant says nothing about whether he is still a California taxpayer, or if he pays taxes in another U.S. state;
- Defendant does not attest that he has declared himself to be a permanent legal resident of some other country;
- Defendant does not attest that he ever notified a United States embassy or consulate abroad of a change of residence to some other country;
- Defendant does not attest that he has acquired an identification card, driver's license, or other documentation showing himself to be a permanent resident of another country; and
- Defendant does not attest that he owns a home or has a permanent residence in some other country.

In short, nothing in the Motion compels the Court to disregard the record or the conclusion that California remains Defendant's domicile, even after so much time has passed. And none of Defendant's cited authorities are availing. Excluding cases cited for general principles of law which are not in dispute, most of Defendant's authorities *undermine* Defendant's arguments, because in those cases (unlike here) the party seeking to establish domicile pointed to clear evidence in the record identifying a new residence and an intent to reside there permanently:

- *Alla v. Kornfeld*, 84 F.Supp. 823 (N.D.Ill. 1949) -- defendant filed uncontested affidavit establishing that he lived in Mexico "continuously" for 13 years, and was only in Texas because he was arrested and awaiting trial. *Id.* 824.
- *Turan Petrol., Inc. v. Lentin*, 482 F.Supp.2d 1170 (C.D.Cal. 2007) -- defendant submitted uncontested declaration that she moved to Canada 34 year earlier, "lived and worked there ever since," intended to remain in Canada for the rest of her life, and regarded herself as a permanent resident of Canada. *Id.* at 1171.
- *Bishop v. Averill*, 76 F. 386 (C.C.D.Wash. 1896) -- defendant established that he changed his domicile from Montana to Grand Forks, Canada. While

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

13

the defendant had not yet become a citizen of Canada, he intended to become naturalized, and the court found that these facts established a permanent change of domicile. *Id.* at 386-87.

- *Haggerty v. Pratt Inst.*, 372 F.Supp. 760, 762 (E.D.N.Y. 1974) -- the court found no diversity jurisdiction because Plaintiff based diversity upon his own domicile in Canada, which was undermined by his continuing U.S. citizenship. *Id.* at 762.

- *Hammerstein v. Lyne*, 200 F. 165 (W.D.Mo. 1912) -- Defendant specifically identified new domicile as London, England. *Id.* at 170-71.

In each of the cases cited by Defendant, diversity jurisdiction was not found because the ***defendant identified a specific, new domicile***, and provided uncontested evidence that they intended to remain there indefinitely as their new home. By contrast, Defendant has not provided any of the information given in the cited cases. Where has Defendant lived for all these years? How long did he stay in each place? Does he have a permanent address somewhere? Where is his residence? What does he claim his domicile is now? Where does he intend to live indefinitely? Has he applied to be a naturalized citizen or permanent legal resident in some other place, and where? Has he obtained a driver's license or identification card in some other place, and where? Does he own property in some other place, and where? Does he still vote in California elections, and if not, does he vote in some other U.S. state? Does he still pay taxes in California, and if not, does he pay them in some other U.S. state? Has he informed a United States embassy or consulate of his intention to live in some other place indefinitely, and where?

As things stand now, the only information before the Court about where Defendant lived continuously -- and with the intention to remain indefinitely -- was when he lived in California, which is the state of his birth, education, where his siblings live, where he owned a home, had a driver's license, paid taxes, visited regularly, and has ongoing business operations. *See* Cmplt. at ¶¶ 37-38, Dkt. No. 1-1

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

at p 28 (identifying Defendant as an American citizen from California), Sisley Decl. at ¶¶ 5-7; Buscher Decl. ¶¶ 9-11, 14-18.

Even if Defendant has been a peripatetic wanderer for the last decades, that does not, by itself, mean he has established a new domicile to replace California.  For domicile purposes, every natural person must plant their flag somewhere.  All Defendant has done is claim that his domicile is not California, while vaguely referring to living "outside the United States."  But if he has a new domicile, then he must name it and provide suitable extrinsic evidence that it is true.  So far, the Court has nothing but a few lines in a self-serving Declaration from a man who eschews all publicity, refuses to be pinned down on the specifics of his life, and has every incentive to avoid this Court's jurisdiction over him.

Only two cases cited by Defendant merit serious attention, and both show the deficiencies in Defendant's jurisdictional challenges.  <u>First</u> is *Lewis v. Sandor*, No. CV 18-8615, 2019 WL 6655264 (July 31, 2019), which, to begin with, is of questionable persuasive value because the lower court's decision finding no diversity jurisdiction is currently pending on appeal before the Ninth Circuit.  *See Lewis v. Sandor*, Case No. 20-55100.  Additionally, the lower court made a point of noting the poor quality of plaintiff's pleadings and briefs, plaintiff's bad faith conduct in prosecuting the suit, and went so far as to suggest the plaintiff was a straw man for a third party controlling the case to avoid diversity issues.  *Id.* at *2-*3.  More importantly, on the merits, the court found that the plaintiff did not allege the defendant was domiciled in any particular state.  In fact, the plaintiff alleged only that the defendant was a foreign national domiciled in Brazil, and sued on that basis.  *See id.* at *1.  After the defendant filed evidence showing that he was a U.S. citizen, the court ordered the plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  *See id.*  Ignoring the court, the plaintiff instead argued that the defendant's citizenship should not matter because the defendant was only sued as a trustee.  *See id.*  This case is inapposite as Plaintiff does not make

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

1  similar allegations or arguments, did specifically identify California as Defendant's

2  last-known domicile, and alleged facts disputing any effort by Defendant to establish

3  a new domicile.

4        Second, *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980), underscores

5  Defendant's complete lack of effort to present any facts that would evidence a

6  satisfactory intent to change his domicile from California to another locale.  For

7  starters, Defendant incorrectly states that the court found the plaintiff was domiciled

8  in Egypt.  *See* Mot. at 11:26-27.  While the lower court found the plaintiff was

9  domiciled in Egypt, the Seventh Circuit disagreed, but affirmed the decision upon

10  finding plaintiff's domicile was in Lebanon (and not the United States).  *See Sadat*,

11  615 F.2d at 1181.  Plaintiff sued for personal injuries from a car accident and claimed

12  diversity jurisdiction because he was domiciled in Pennsylvania.  *See id.* at 1178.  But

13  when he filed the suit, the plaintiff lived in Cairo, Egypt.  Before moving to Egypt, he

14  had moved from Pennsylvania to Beirut, Lebanon.  *See id.* at 1179.  Upon relocating,

15  the plaintiff notified the local U.S. embassy that Beirut was his "permanent overseas

16  residence."  *Id.* at 1179.  Political unrest in Beirut caused the plaintiff to relocate to

17  Egypt.  *See id.*  In Cairo, the plaintiff and his family resided in a house his mother

18  purchased for him.  *See id.*  The plaintiff also registered with the U.S. Embassy as a

19  permanent resident of Egypt, possessed Egyptian driver's licenses, paid Egyptian real

20  estate taxes on the home, and maintained a checking account in Cairo.  *See id.* at

21  1179-80.  Based on these facts, the Seventh Circuit held diversity jurisdiction did not

22  exist because, regardless of whether the plaintiff was domiciled in Lebanon or Egypt,

23  he was clearly not domiciled in the United States.  *See id.* at 1181.

24        Here, Defendant fails to point to any similar facts that evince a permanent

25  intent to change his domicile from California to somewhere else.  Unlike in *Sadat*,

26  Defendant has not shown that he purchased a home overseas, obtained a driver's

27  license or identification documentation overseas, notified a U.S. embassy or consulate

28  of a new permanent residence overseas, or paid taxes overseas.  Instead, and as noted

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

16

above, Defendant held a valid California driver's license from at least 2007 to 2017, and has continually conducted business activities in California from at least 2012 to the present via the Joint Partnership, his film production company, and his partnership with a California corporation.

## D.   If He Is Not A Citizen Of California, Then Extrinsic Evidence Suggests Defendant May Be A Citizen Of Texas

Plaintiff continues to assert that Defendant is a citizen of California, for diversity jurisdiction purposes, until he provides extrinsic evidence showing a new domicile elsewhere.  However, during the course of the background search by the private investigator, information came to light suggesting that Defendant may also (at least at some point in time) have been a citizen of the State of Texas.

The background search showed that Defendant is identified or affiliated with eight residential addresses in the Austin, Texas area.  *See* Brunon Decl. at ¶ 8.  While it was not possible to determine the exact nature of Defendant's affiliation with these Austin, Texas addresses from public records, the dates when he was affiliated with these addresses ranged from December 1990 (shortly after he sold his home in Stockton, California) to at least January 2007.  *See id.* at ¶ 9.[5]  The background search also showed that Defendant was associated with three telephone numbers that had a 512 area code, which is the area code for Austin, Texas.  *See id.* at ¶ 12.

For privacy reasons, the specific addresses and telephone numbers are not identified in the Brunon Decl. or this filing (although are available upon request).  However, one of the residential addresses was on Comburg Drive in Austin, Texas (hereafter, the "Comburg Property").  *See id.* at ¶ 10.  The background check showed that Defendant first became associated with the Comburg Property in or about December 1990 (very shortly after he sold his home in Stockton, California).  *See id.*

---

[5] The end dates on which Defendant was affiliated with these properties could not be ascertained from public records (*see* Brunon Decl. at ¶ 9), so it is not known whether Defendant is still associated with any of these Austin, Texas addresses.

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Moreover, the background check also showed that Defendant **registered to vote in the State of Texas**, and listed the Comburg Property as his address. *See id.* at ¶ 11.

From this information, there is circumstantial evidence to suggest that Edelman may have also been a citizen of the State of Texas at some point in time, given that he was associated with numerous residential addresses and phone numbers in Austin, Texas, and that he registered to vote in Texas, listing the Comburg Property as his address. For subject matter jurisdiction purposes, it is irrelevant whether Defendant is a citizen of the State of California or the State of Texas. Either would create diversity jurisdiction pursuant to 28 U.S.C. § 1322(a)(1), as it is uncontested that Plaintiff is a citizen of the State of Florida.

**E.    If Not Immediately Disposed To Deny The Motion, The Court Should Permit Jurisdictional Discovery And, If Necessary, Conduct An Evidentiary Hearing**

If, for any reason, the Court determines that the Complaint's jurisdictional allegations are insufficient, Plaintiff requests that the Court permit him to conduct jurisdictional discovery to obtain more facts concerning Defendant's domicile. When considering a challenge to jurisdiction, a court may permit discovery to determine whether it has subject matter and/or personal jurisdiction over the parties. *See Fikre v. FBI*, 142 F.Supp.3d 1152, 1160 (D.Ore. 2015) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)) (noting court's discretion to grant jurisdictional discovery in response to Rule 12(b)(1) motion); *Payrovi v. LG Chem Am., Inc.*, --- F.Supp.3d ---, No. 5:20-CV-04144-EJD, 2020 WL 5798375, at *7 (N.D. Cal. Sept. 29, 2020) (quoting *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010)) (same, but in context of Rule 12(b)(2) motion). While a court's decision concerning whether to permit jurisdictional discovery is discretionary, such requests "should be granted where 'discovery on th[e] issue might well demonstrate facts sufficient to constitute a basis

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

for jurisdiction.'" *Payrovi*, 2020 WL 5798375, at *7 (quoting *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).

Here, use of formal discovery would allow a clearer picture of Defendant's (intentionally obscured) connections to California.  Discovery would also clear up deficiencies in Defendant's less-than-candid declaration.  And it would address inconsistencies between Defendant's claim that he has had no meaningful connection with California for 30 years with the fact that he held a valid California driver's license (for which he presumably had to provide California residency documents) from 2007 to 2017, was issued a tax lien by the State of California in 1993, and has had ongoing business activities in California from at least 2012 to the present (including employees, office space, affiliated partnerships, and meetings in California).  And it would address issues about whether and when Defendant lived in Austin, Texas, which arise given the large number of residential addresses and phone numbers in Austin he is affiliated with, and his registration to vote in the State of Texas.

Additionally, the Court should not grant the Motion and dismiss the case without an evidentiary hearing to resolve factual disputes.  *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987); *Mason v. Arizona*, 260 F.Supp.2d 807, 815-16 (quoting *Greene*, 207 F.Supp.2d at 1119).  The Court may order the hearing to take place before trial or, if the jurisdictional facts are intertwined with the substantive claims, defer a hearing until the time of trial.  *See Rosales*, 824 F.2d at 803.  Given Defendant's propensity for evasion, including in the Declaration filed with the Motion, an evidentiary hearing would permit a clearer picture of whether Defendant's half-baked claims of a new domicile are credible.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court find that it has subject matter jurisdiction over Defendant.  Alternatively, Plaintiff respectfully

/ / /

/ / /

HOLMES, TAYLOR, COWAN & JONES LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss

requests that the Court permit him the opportunity to conduct jurisdictional discovery and order an evidentiary hearing regarding the Court's subject matter jurisdiction.

Dated:  January 18, 2021              **HOLMES TAYLOR COWAN & JONES LLP**

By:  /s/ Joel M. Athey
    Joel M. Athey

*Counsel for Plaintiff*
STEPHEN BUSCHER

**HOLMES, TAYLOR, COWAN & JONES LLP**
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017

Plaintiff's Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss