Perrie M. Weiner (SBN 134146)
Barry J. Thompson (SBN 150349)
Aaron T. Goodman (SBN 330791)
**BAKER MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

Attorneys for Defendant
Douglas Edelman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSCHER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS EDELMAN, an individual, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-09680- JVS -AFM<br><br>**REPLY IN SUPPORT OF DEFENDANT DOUGLAS EDELMAN'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Date: February 22, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10C<br>Judge: Hon. James Selna<br><br>Complaint Filed: October 21, 2020 |

Plaintiff Stephen Buscher's ("Buscher" or "Plaintiff") opposition attempts to prejudice Defendant Douglas Edelman ("Edelman") in the eyes of this Court, by portraying him as some wartime profiteer. Plaintiff paints Mr. Edelman as purposefully elusive, alleging he has hidden behind shell companies and straw people. But these vitriolic and scurrilous allegations are completely unsupported; nor are they consistent with Plaintiff's own claims, relying on allegations that he has worked with Mr. Edelman on numerous projects over the course of a number of years. Rather, these libelous accusations are nothing more than a failed attempt to cover for the fact that Plaintiff knows he has no basis to assert subject matter jurisdiction in this case. Plaintiff's suggestion that he is unfamiliar with Defendant's life, location and residence is similarly disingenuous.

In stark contrast to the arguments advanced in Plaintiff's Opposition, the record before the Court indisputably demonstrates: (1) the parties have known each other for decades (Compl. ¶ 74), (2) Mr. Edelman has lived outside of the United States the entirety of that time, since at least the early 1990s (Compl. ¶¶ 22, 37), (3) Plaintiff has admitted in his filings that Mr. Edelman resides in London, England (*see* Compl. ¶ 12; Proof of Service (Doc. 11), p.2), (4) Mr. Edelman was served with the Complaint at a pub in London (*see* Affidavit of Service (Doc. 11-1, p.2), and (5) Plaintiff was well aware <u>at the time he filed his Complaint</u> of the street address for Mr. Edelman's personal residence in London, which he filed with the Court (*see id.*, p.4). Mr. Edelman's Declaration (Doc. 18-3, "Edelman Decl.") confirms these admissions, including that he has lived abroad for at least 25 years, is not a citizen of California or any state, and intends to continue living outside of the United States. Edelman Decl. ¶¶ 2-4.

Despite Plaintiff's use of smoke and mirrors, no amount of misdirection will change the fact that Mr. Edelman is an American national, living abroad in London, England -- who does not reside, and is not domiciled, in California or Texas, or any other state in the United States. Rather, it is clear from the record that Plaintiff is well aware that Mr. Edelman has been domiciled overseas (living presently in London), for

the better part of the last 30 years. Accordingly, Plaintiff's Complaint must, respectfully, be dismissed, as the Court lacks subject-matter jurisdiction over this case.

## I. THE COMPLAINT, PROOF OF SERVICE, AND SERVICE AFFIDAVIT ESTABLISH THAT MR. EDELMAN LIVES ABROAD, IN LONDON

*Plaintiff is at a war of words with himself*. His Opposition brief argues unsupported facts in direct contradiction to the allegations in his Complaint. On the one hand, Plaintiff's Complaint includes multiple allegations recounting how Mr. Edelman has lived abroad (and not in California or any other state) for nearly 30 years -- detailing the various countries in which he has lived, which allegations were confirmed by Mr. Edelman's Declaration. On the other hand, Plaintiff's Opposition appears to contest the fact that Mr. Edelman has lived abroad the entirety of the time Plaintiff has known him, arguing that over the past 30 years Mr. Edelman has never once established a "new domicile." Plaintiff advances this argument, notwithstanding the fact that Plaintiff admits in his Complaint and other filings that Mr. Edelman resides in London. In short, Plaintiff attempts to create a factual dispute, where none exists. But Plaintiff's attempt to re-write history in this false narrative cannot establish subject-matter jurisdiction, where it is directly refuted on the face of the Complaint.

### A. Plaintiff Admits That Mr. Edelman Has Lived Abroad For 30 Years

While Plaintiff argues that Mr. Edelman has not established that he is domiciled outside of the United States, Plaintiff has conclusively established -- *by the allegations and admissions in his own filings* -- that Mr. Edelman maintains a foreign domicile and has not lived in any state for many years. The Complaint alone contains multiple factual allegations that Mr. Edelman has not lived in the United States for the better part of three decades. *See* Compl. ¶ 22 ("Edelman has **lived outside the United States for nearly 30 years**"), ¶ 37 ("**Edelman has lived abroad since at least the early 1990s**, in Russia, Kyrgyzstan, London (United Kingdom), Portugal, and Ibiza (Spain)," and ¶ 165 ("Edelman continued to live in Europe") (emphasis added).

Mr. Edelman's Declaration confirms Plaintiff's allegations, including the fact that he has not lived in the United States since the 1990s. *See* Edelman Decl., ¶ 2 ("I have **lived outside of the United States** for at least approximately **the last twenty-five (25) years**.") (emphasis added).

### B. Plaintiff Admits That Mr. Edelman Is A Resident Of London, England

Plaintiff disingenuously suggests to this Court that Mr. Edelman may be domiciled in either California or Texas, when he knows full well exactly where Mr. Edelman lives, and intends to continue living, and says so in the Complaint. *See* Compl. ¶ 12 ("**Edelman is an individual who . . . presently resides in London, England**"), ¶ 17 ("Edelman has gone to great lengths to avoid having established residency in any particular State"), and ¶ 24 ("Edelman argues that he resides outside the United States") (emphasis added). Moreover, in his Proof of Service, **Plaintiff unequivocally states that "Defendant Douglas Edelman, a United States citizen, resides in London, England**." Proof of Service (Doc. 11), p.2 (emphasis added). Plaintiff cannot dispute that Mr. Edelman lives and resides in London. Remarkably, plaintiff even goes so far as to allege (admit) that it is Mr. Edelman's express intent not to live or establish domicile in any state, though that is one of the main issues under consideration. *See* Compl. ¶¶ 17, 24.

### C. Plaintiff Admits To Knowing Mr. Edelman's Residential Address In London And Served The Complaint On Him At A London Pub

It is not just that Plaintiff knows that Mr. Edelman lives in London, he knows -- *and knew at the time he filed the Complaint* -- the precise address of Mr. Edelman's London residence. As a matter of record in this Court and further belying Plaintiff's representation that he has no knowledge of Mr. Edelman's life, location or residence, in the summary of documents to be served and provided by Plaintiff with the papers for service, Plaintiff provides Mr. Edelman's London address, at "14 Cottesmore Gardens, W8 5PR London," England. Affidavit of Service, p.4. Moreover, Plaintiff had Mr. Edelman personally served with the Complaint in London, inside the

3
REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION

Windmill Pub and Restaurant at 6-8 Mill Street in London (where Plaintiff knew he would be). *Id.*, p.2. For Plaintiff to now argue, in contradiction of his own allegations and filings, that he is not fully aware that Mr. Edelman lives, and has lived overseas, is domiciled overseas and currently lives in London, is untenable. Yet, while the parties agree that Mr. Edelman does not, and has not, lived in the United States for decades, Plaintiff still persists in arguing that the Court has diversity jurisdiction.

## II. DIVERSITY JURISDICTION DOES NOT EXIST WHERE, AS HERE, DEFENDANT IS AN AMERICAN NATIONAL, DOMICILED ABROAD

### A. Plaintiff Concedes That Diversity Jurisdiction Does Not Exist Over An American National Living Abroad And Not Domiciled In Any State

It is settled law that a diversity suit may not be maintained against an American national, living abroad. *See, e.g., Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007). Plaintiff does not contest or argue that, in such cases, the court lacks subject-matter jurisdiction. Indeed, Plaintiff admits that all of the jurisdictional facts are "uncontested except for that of Defendant's domicile." Opp., p.1. Moreover, Plaintiff agrees that, if the Court finds that Defendant is not domiciled in California or another state other than Florida, there is no subject matter jurisdiction. *Id*. Plaintiff's jurisdictional argument hinges entirely on Mr. Edelman's domicile. Yet, Plaintiff fails to submit anything to this Court sufficient to overcome the facts as alleged in his own Complaint -- i.e., that Mr. Edelman has lived abroad for three decades and has not been domiciled in the United States since the 1990s.

### B. Plaintiff Bears The Burden Of Proof To Establish That Mr. Edelman Has Maintained A US Domicile, Despite Having Lived Abroad For 30 Years

Although the party asserting diversity jurisdiction has the burden of proof, it is true that, when a party challenges diversity jurisdiction by alleging a "new domicile," the presumption against <u>newly acquired domiciles</u> shifts the burden of evidence onto that party. *Lew v. Moss*, 797 F.2d 747, 749-51 (9th Cir. 1986). The party asserting federal jurisdiction, however, continues to bear the burden of proof. *Id*. Jurisdiction, itself, is "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N*

*Energy, Inc.*, 498 U.S. 426, 428 (1991). But this is not the case of a newly established domicile. Rather, Mr. Edelman abandoned any purported domicile in California, and to the extent it existed in any other state, many years ago. Regardless, even if Mr. Edelman were not domiciled in London, which he is, he would be domiciled in Spain, Portugal, Russia, etc., and in no event in the United States.

### C. Mr. Edelman Established A Non-US Domicile Many Years Ago, And Any Purported "Presumption" Of Domicile Does Not Apply

Citizenship for diversity purposes depends on domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (a United States citizen is a "citizen" of the state in which he is domiciled). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew*, 797 F.2d at 749). Thus, domicile generally requires a confluence of residence, i.e., physical presence, and the intent to remain permanently or indefinitely. *Id*. (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989) ("domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there").

Domicile may be established by objective factors, including: current residence, voting registration and voting practices, location of personal and real property, location of spouse and family, among others. *Lew*, 797 F.2d at 750. Although domicile also involves a subjective component, it "may be established by objective factors." *Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004). But domicile may also hang "on the slender thread of intent alone," however, "as for instance where one is a wanderer over the earth." *Weible*, 244 F.2d at 163 ("Residence is not an immutable condition of domicile."); *see also Miss. Band of Choctaw Indians*, 490 U.S. at 48 (residence and domicile are not synonymous, and a person "can reside in one place but be domiciled in another"). Here, Defendant may have "wandered over the earth,"

residing in various countries before his current residence in London, England -- but has never since lived in the United States, and does not intend to do so in the future.

For example, in considering exactly this issue in a case before the Northern District of California, the court was "unpersuaded that the presumption applies here, as Defendant's purported Italian domicile [wa]s not 'newly acquired.'" *Motu Novu, LLC v. Percival*, No. C 16-06545 SBA, 2018 U.S. Dist. LEXIS 198681, at *15-16 (N.D. Cal. May 7, 2018). Rather, defendant produced credible evidence of an Italian domicile, and thus, overcame any presumption in favor of a US state domicile. *See id*. (defendant need only produce enough evidence to substantiate his claim of a change in domicile so as to withstand a motion for directed verdict).

The court's reasoning and analysis in *Motu Novu* are directly relevant and applicable to the uncontested facts in this case. In that case, the defendant was a US citizen, who had attested that he had not resided in the United States, or any state thereof, for 17 years. At the filing of the case, defendant reported his domicile as Italy, while residing in London, England. Defendant further attested that he intended to live in Europe (without specificity) for the remainder of his life, and did not intend to return permanently to the United States. Disregarding Plaintiff's self-serving investigative declarations, the court found that "whether [Defendant] is domiciled in Italy or the United Kingdom, Defendant is a 'stateless' person for purposes of the diversity statute," and "not subject to federal diversity jurisdiction." *Id*. at *22.

The result is the same, in this case, where Plaintiff similarly argues that Mr. Edelman has failed to sufficiently establish a "new domicile," despite having abandoned any United States domicile decades ago. *See* Opp. (Doc. 23, p.8). Plaintiff would have the Court believe that Mr. Edelman has not once established a new domicile at any time during the past three decades. And, as in *Motu Novu*, Plaintiff attempts to rely on the presumption of continuing domicile. However, that presumption does not apply in a case like this, where Mr. Edelman has lived, and been domiciled, abroad, for many years, and intends to continue living outside the United

States. It matters little whether Mr. Edelman is domiciled in London or Ibiza, Spain, the fact is that the collective evidence establishes both physical residence and intent.

The Complaint itself establishes that Mr. Edelman has been physically present and lived outside of the United States since the 1990s (Compl. ¶¶ 22, 37, 165), which was confirmed by Mr. Edelman in his Declaration (Edelman Decl. ¶ 2). And if, as is well established in this case, Mr. Edelman lives, has lived, and intends to continuing living outside the United States, there cannot be diversity jurisdiction. Plaintiff himself establishes Mr. Edelman's foreign domicile in his own allegations and filings, informing the Court that Mr. Edelman has lived in various countries (Spain, Portugal, Russia, England *but not ever the United States*) over the last 30 years and is now residing in London, England. *See* Compl. ¶¶ 12, 37; Proof of Service (Doc. 11), p.2. Moreover, Plaintiff has established, and was well aware of at the time of filing, Mr. Edelman's residential address in London, which he filed with the Court. *See* Affidavit of Service (Doc. 11-1), p.4.

With physical presence in a new location more than established, Plaintiff takes issue with Mr. Edelman's confirmation that he "intend[s] to continue living outside of the United States." Edelman Decl. ¶ 4. But, again, this is entirely consistent with, and only adds to, Plaintiff's own allegations, that "Edelman argues that he <u>resides outside the United States</u>" (Compl. ¶ 24), continues to live in Europe (Compl. ¶ 165) and "has gone to great lengths to avoid having established residency in any particular State" (Compl. ¶ 17). It is also consistent with the defendant's declared intent -- *that he intended to continue living in Europe* -- accepted by the court in *Motu Novu*. While Plaintiff's allegations are argumentative, each is indicative of, and affirms, Mr. Edelman's intent to reside in London, and otherwise in Europe, for the foreseeable future. It is further beyond dispute that Mr. Edelman has absolutely no intent, want, wish, or desire to re-establish domicile in any state. Indeed, Plaintiff is well aware that Mr. Edelman's "wife, Delphine Ledain, a French citizen," does not have a visa that would allow her to live in the United States on a permanent basis. Compl. ¶ 45.

As a result, Plaintiff's own Complaint, together with Plaintiff's other filings and Mr. Edelman's Declaration, conclusively establish both Mr. Edelman's physical presence abroad -- including his current residence in London -- and his intent to remain in London, and otherwise living abroad, for the foreseeable future.

**III. CONCLUSION**

For all these reasons, respectfully, the Court should dismiss the Complaint for lack of subject-matter jurisdiction.

Dated: February 1, 2021                                **BAKER McKENZIE LLP**

By: /s/ *Perrie M. Weiner*
Perrie M. Weiner
Barry J. Thompson
Aaron T. Goodman

Attorneys for Defendant
Douglas Edelman