1  Perrie M. Weiner (SBN 134146)
   perrie.weiner@bakermckenzie.com
2  Barry J. Thompson (SBN 150349)
3  barry.thompson@bakermckenzie.com
4  Aaron T. Goodman (SBN 330791)
   aaron.goodman@bakermckenzie.com
5  **BAKER McKENZIE LLP**
6  10250 Constellation Blvd., Suite 1850
   Los Angeles, California 90067
7  Telephone: +1 310 201 4728
8  Facsimile: +1 310 201 4721

9  Attorneys for Defendant
10 Douglas Edelman

11                    UNITED STATES DISTRICT COURT
12                    CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14  STEPHEN BUSCHER, an individual, | Case No. 2:20-cv-09680-JVS-AFM |
| 15           Plaintiff, | **REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS IN SUPPORT OF DEFENDANT DOUGLAS EDELMAN'S MOTIONS TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR LACK OF PERSONAL JURISDICTION** |
| 16     v. | |
| 17  DOUGLAS EDELMAN, an individual, and DOES 1-50, inclusive, | |
| 18 | |
| 19           Defendants. | |
| 20 | |
| 21 | |
| 22 | Date: February 22, 2021 |
| 23 | Time: 1:30 p.m.<br>Place: Courtroom 10C |
| 24 | Judge: Hon. James V. Selna |
| 25 | Complaint Filed: October 21, 2020 |

Defendant Douglas Edelman[1] ("Edelman") hereby objects to documents offered by Plaintiff Stephen Buscher ("Plaintiff" or "Buscher") as evidence in opposition to Edelman's motion to dismiss for lack of subject-matter jurisdiction and for lack of personal jurisdiction.

Specifically, Edelman objects to statements contained in **(a)** paragraphs 14 (including Exhibit A), 15, and 17 of the Declaration of Stephen Buscher Filed in Support of Plaintiff's Oppositions to Defendant's Motions to Dismiss Complaint for (1) Lack of Personal Jurisdiction and (2) Lack of Subject Matter Jurisdiction [ECF Nos. 23-1 & 24-1 (identical)] ("Buscher Decl."); **(b)** paragraph 3 and 5 of the Declaration of Jennifer Hall Filed in Support of Plaintiff's Oppositions to Defendant's Motions to Dismiss Complaint for (1) Lack of Personal Jurisdiction and (2) Lack of Subject Matter Jurisdiction [ECF Nos. 23-3 & 24-3 (identical)] ("Hall Decl."); and **(c)** paragraphs 5 and 7-12 of the Declaration of Sisley Brunon Filed in Support of Plaintiff's Oppositions to Defendant's Motions to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF Nos. 23-4] ("Brunon Decl.").

| **Plaintiff's Evidence** | **Edelman's Objections** |
|---|---|
| Buscher Decl. ¶ 14 (page 3, lines 14-20) and Exhibit A:<br><br>"Attached hereto as Exhibit A is a November 5, 2014 email exchange between me and Larry Mortorff. Mr. Mortorff says that he is 'working to get [SFP] into business with serious | Hearsay: Paragraph 14 of the Buscher Declaration repeats out-of-court statements made in Exhibit A, a November 5, 2014 email exchange between Larry Mortorff and Plaintiff. Because Plaintiff offers paragraph 14 and Exhibit A for the truth of the matters |

---

[1] Defendant Edelman specially appears for the limited purpose of challenging personal jurisdiction, subject matter jurisdiction, and venue under *forum non conveniens*, and does not waive, and hereby specifically reserves, any and all legal rights to object to the Court's jurisdiction and venue, and to raise any and all grounds for dismissal under Federal Rule of Civil Procedure 12.

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| companies and projects … will need a bit more infrastructure here [in Los Angeles].' I wrote back to Mr. Mortorff saying that I had spoken to Defendant Edelman who agreed that Mr. Mortorff needed to be formally named President of Story First Productions and given a bigger budget to show that SFP has 'a serious LA presence.'" | asserted (i.e., Mortorff's statement that he will need infrastructure in Los Angles and Plaintiff's statement that Edelman wanted SFP to have a Los Angeles presence), and no exception to the hearsay rule applies, paragraph 14 and Exhibit A is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). |
| Buscher Decl. ¶ 15 (page 3, lines 23-24): "Upon information and belief, [Jon] Turtle lives and works in Los Angeles, California while performing his work for SFP/ASP." | <u>Lack of Personal Knowledge</u>: In paragraph 15 of the Buscher Declaration, Plaintiff expressly concedes that he lacks personal knowledge as to where Jon Turtle lives and works by making the averment on "information and belief." *See* Fed. R. Evid. 602 (requiring witnesses have personal knowledge); *Romero v. Curry*, 2009 U.S. Dist. LEXIS 100095, at *17 |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| | (C.D. Cal. Aug. 19, 2009) (explaining that facts averred in declaration "'upon [declarant's] information and belief' . . . demonstrate a lack of personal knowledge"). |
| Buscher Decl. ¶ 17 (page 4, lines 2-3): "Upon information and belief, Aftershock Comics is located on Ventura Blvd. in Los Angeles, CA." | <u>Lack of Personal Knowledge</u>: In paragraph 17 of the Buscher Declaration, Plaintiff expressly concedes that he lacks personal knowledge as to where Aftershock Comics is located by making the averment on "information and belief." *See* Fed. R. Evid. 602 (requiring witnesses have personal knowledge); *Romero v. Curry*, 2009 U.S. Dist. LEXIS 100095, at *17 (C.D. Cal. Aug. 19, 2009) (explaining that averments "'upon [declarant's] information and belief' . . . demonstrate a lack of personal knowledge"). |
| Hall Decl. ¶ 3 (page 1, lines 9-11): "In or about April 2012, I learned that Mr. Buscher was engaged in a series of email, telephonic, and in-person discussions with Defendant Douglas Edelman ('Edelman') about becoming | <u>Hearsay</u>: Jennifer Hall ("Hall") states that she was not present at Edelman and Plaintiff's April 30, 2012 meeting, which was their first meeting. Hall Dec. ¶ 5. She also does not state that she was a party to any other email, telephonic, or |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| business partners." | in-person discussions between Edelman and Plaintiff in April 2012. *See id.* ¶¶ 3-6. Paragraph 3 of the Hall Declaration is clearly based on out-of-court statements that Plaintiff made to Hall. Because Plaintiff offers paragraph 3 for the truth of the matter asserted (i.e., Plaintiff's statement that Edelman and Plaintiff were discussing "becoming business partners"), and no exception to the hearsay rule applies, paragraph 3 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). |
| Hall Decl. ¶ 5 (page 1, lines 15-20): "I was not present at the first meeting between Mr. Buscher and Edelman on April 30, 2012. But Mr. Buscher told me immediately after the meeting ended that | <u>Hearsay</u>: Hall states that she was not present at Edelman and Plaintiff's April 30, 2012 meeting, which was their first meeting. Hall Dec. ¶ 5. Paragraph 5 of the Hall Declaration is expressly based |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| Edelman had proposed that Mr. Buscher quit his jobs at Sistema OJSC and Navitas Global Resources, Ltd. in order to work exclusively with Edelman to develop business opportunities in the oil & gas industry, with the two of them to split the profits from those business ventures on a 50-50 basis." | on out-of-court statements that Plaintiff made to Hall. *Id.* Because Plaintiff offers paragraph 5 for the truth of the matters asserted (i.e., Plaintiff's statement that Edelman proposed that Plaintiff quit his job to work exclusively on a venture with Edelman in which they would split profits 50/50), and no exception to the hearsay rule applies, paragraph 5 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). |
| Brunon Decl. ¶ 5 (page 1, lines 13-17): "The public records search disclosed that Defendant Edelman was issued a California driver's license on February 8, 2007, which expired on February 11, 2017. While not stated here for privacy reasons, the California driver's license | Hearsay: Paragraph 5 of the Brunon Declaration is based on an out-of-court statement contained in a purported "Driver's License Report," not an actual copy of a driver's license or an actual public record. Plaintiff offers the statement for the truth of the matters |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| number of Defendant Edelman, and a copy of the Driver's License Report, can be supplied upon request." | asserted (i.e., that Edelman previously had a California driver's license), and no exception to the hearsay rule applies, paragraph 5 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). <br><br> <u>Best Evidence Rule</u>: Paragraph 5 of the Brunon Declaration purports to describe the contents of the "Driver's License Report," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |
| Brunon Decl. ¶ 7 (page 1, lines 23-24): | <u>Hearsay</u>: Paragraph 7 of the Brunon |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| "The public records search also disclosed that the State of California filed a court case for a tax lien against Defendant Edelman on April 9, 1993." | Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the matters asserted (i.e., that the State of California filed a tax lien against Edelman in 1993), and no exception to the hearsay rule applies, paragraph 7 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). <br><br> Best Evidence Rule: Paragraph 7 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
|  | as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |
| Brunon Decl. ¶ 8 (page 1, lines 25-28): "The public records search also disclosed that Defendant Edelman was associated with eight different residential addresses (both rental units in apartment complexes and free-standing residential homes) in Austin, Texas. For privacy reasons, the addresses are not disclosed herein, but can be provided upon request." | Hearsay: Paragraph 8 of the Brunon Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the matters asserted (i.e., that Edelman is associated with residential addresses in Austin, Texas), and no exception to the hearsay rule applies, paragraph 8 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
|  | <u>Best Evidence Rule</u>: Paragraph 8 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |
| Brunon Decl. ¶ 9 (page 2, lines 1-10): "It was not possible to determine whether Defendant Edelman owned, rented, or was part of a mortgage or credit check application process related to these Austin, Texas properties, but Defendant Edelman's name was associated with these properties in some way. The starting dates when Defendant Edelman was associated with these Austin, Texas properties varied as follows: (i) two beginning in December 1990; (ii) one beginning in March 1991; | <u>Hearsay</u>: Paragraph 9 of the Brunon Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the matters asserted (i.e., that Edelman is associated with residential addresses in Austin, Texas), and no exception to the hearsay rule applies, paragraph 9 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| (iii) one beginning in January 1999; (iv) one beginning in December 1999; (v) one beginning in July 2002; (vi) one beginning in March 2003; and (vi) one beginning in January 2007. The end dates on which Defendant Edelman was associated with the properties was not possible to ascertain with accuracy from the public records search conducted." | prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). <br><br> Best Evidence Rule: Paragraph 9 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |
| Brunon Decl. ¶ 10 (page 2, lines 11-14): "One of the addresses associated with Defendant Edelman was located on Comburg Drive in Austin, Texas (the 'Comburg Property'). The records search indicated that Defendant Edelman | Hearsay: Paragraph 10 of the Brunon Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| first became associated with the Comburg Property in or about December 1990." | matters asserted (i.e., that Edelman is associated an addresses on Comburg Drive in Austin, Texas), and no exception to the hearsay rule applies, paragraph 10 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803.").<br><br>Best Evidence Rule: Paragraph 10 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| | Cir. 2004). |
| Brunon Decl. ¶ 11 (page 2, lines 15-16): "The public records search disclosed that Defendant Edelman registered to vote in the State of Texas, listing the Comburg Property as his address." | <u>Hearsay</u>: Paragraph 11 of the Brunon Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the matters asserted (i.e., that Edelman is registered to vote in Texas under a Comburg Drive address in Austin, Texas), and no exception to the hearsay rule applies, paragraph 11 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). <br> <u>Best Evidence Rule</u>: Paragraph 11 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that |

12
REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS IN SUPPORT OF DEFENDANT DOUGLAS EDELMAN'S MOTIONS TO DISMISS COMPLAINT

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| | Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |
| Brunon Decl. ¶ 12 (page 2, lines 17-19): "The public records search disclosed that Defendant Edelman was associated with three telephone numbers that bear a 512 area code, which is the area code for Austin, Texas." | <u>Hearsay</u>: Paragraph 12 of the Brunon Declaration is based on an out-of-court statement contained in the results of a purported "public records search," but not an actual public record. Plaintiff offers the statement for the truth of the matters asserted (i.e., that Edelman was associated with three phone numbers with the area code for Austin, Texas), and no exception to the hearsay rule applies, paragraph 12 is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered in evidence to prove the truth of the matter asserted); *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir. 1990) ("Hearsay is |

| Plaintiff's Evidence | Edelman's Objections |
|---|---|
| | inadmissible in a court of law unless it comes under one of the exceptions set forth in Federal Rule of Evidence 803."). <br><br> Best Evidence Rule: Paragraph 12 of the Brunon Declaration purports to describe the contents of the results of a "public records search," not any facts that Brunon has personal knowledge about. This violates the best evidence rule because the document is not produced as required by Federal Rules of Evidence 1002 and 1003, and there is no explanation as to its absence that is permitted under Rule 1004. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004). |

The Court should sustain Edelman's objections to (a) paragraphs 14 (including Exhibit A), 15, and 17 of the Buscher Declaration; (b) paragraphs 3 and 5 of the Hall Declaration; and (c) paragraphs 5 and 7-12 of the Brunon Declaration.

Dated: February 1, 2021

**BAKER McKENZIE LLP**

By: */s/ Perrie M. Weiner*
    Perrie M. Weiner
    Barry J. Thompson
    Aaron T. Goodman

Attorneys for Defendant
Douglas Edelman

15

REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS IN SUPPORT OF DEFENDANT DOUGLAS EDELMAN'S MOTIONS TO DISMISS COMPLAINT