1  Perrie M. Weiner (SBN 134146)
2  Barry J. Thompson (SBN 150349)
   Aaron T. Goodman (SBN 330791)
3  **BAKER MCKENZIE LLP**
4  10250 Constellation Boulevard, Suite 1850
   Los Angeles, California 90067
5  Telephone: +1 310 201 4728
6  Facsimile: +1 310 201 4721

7  Attorneys for Defendant
8  Douglas Edelman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSCHER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS EDELMAN, an individual, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-09680- JVS -AFM<br><br>**RESPONSE TO PLAINTIFF'S REQUEST FOR HEARING ON DEFENDANT DOUGLAS EDELMAN'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Date: February 22, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10C<br>Judge: Hon. James Selna<br><br>Complaint Filed: October 21, 2020 |

Plaintiff Stephen Buscher's ("Plaintiff") seeks a hearing on Defendant Douglas Edelman's ("Edelman") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 23) ("Motion"), in an effort to convince the Court to deviate from its tentative order -- granting the Motion. But that order turned strictly on evidentiary rulings, all but one of which Plaintiff does not dispute. And the single evidentiary ruling that Plaintiff does challenge, regarding a grant deed, is not outcome determinative.

There is no reason for this Court to expend party and judicial resources to hear argument on evidentiary objections that even Plaintiff concedes were properly sustained. Nor should the Court expend such resources to hold a hearing on an evidentiary ruling that, even if this Court reversed, would not change the outcome of the Court's jurisdictional order. Critically, the Court, in its tentative order, held that since "Buscher has provided no admissible evidence to support the claim that Edelman is domiciled in California or any other state, the Court cannot exercise diversity jurisdiction over this matter." No hearing or no discovery will change that fact because Edelman has not lived, or been domiciled in, the United States for more than two decades. Plaintiff's disingenuous reference to hearsay affidavits and documents seeks to build a house of cards to falsely hold up diversity jurisdiction, where none exists.

Belying his submissions to the Court, Plaintiff relied on his own personal knowledge of Edelman's home address in London, and even the very pub Edelman frequents, to serve him with this lawsuit. Edelman's Declaration (Doc. 18-3) further confirms Plaintiff's own allegations, that although he is a citizen of the United States he has lived abroad for at least twenty-five (25) years. As well documented in Plaintiff's Complaint, Edelman is the epitome of the "stateless citizen." Counsel clarified in its Reply (Doc. 28) that, to extent there remains any confusion notwithstanding the clear record that Edelman lives, and intends on continuing to live, in London, that London is, in fact, his domicile. And to the extent the Court is interested in hearing further on this issue, Edelman offers with this response the Supplemental Declaration of Douglas Edelman (attached hereto as **Ex. A**). Accordingly, a hearing is unnecessary as the Court

1  already has before it conclusive evidence Edelman's presumptive domicile is London.

2  Plaintiff's request for jurisdictional discovery would not even inquire into present facts, but only stale facts regarding brief visits by Edelman to California, years ago. That is hardly surprising, given Plaintiff's allegations that he and Edelman have long been close colleagues. Plaintiff himself should have plenty of documentary evidence regarding Edelman's current domicile. In fact, Plaintiff knows the exact address where Edelman lives in London. Plaintiff claims to have visited Edelman's "London office." Plaintiff knows the pub in London that Edelman frequents and was able to locate Edelman there in person. Plaintiff claims he purchased a house in Austria with Edelman that Edelman continues to use "as his private property to this day." Compl. ¶ 71. Plaintiff is currently engaged in litigation in the Netherlands regarding Lanius B.V., one of the entities in which Plaintiff alleges Edelman is a shareholder or owner. Compl. ¶¶ 163-64. Yet, conspicuously absent from Plaintiff's jurisdictional papers are any statements or documentary evidence -- no letters, no contracts, no emails, no court documents, no court rulings, and not even any testimony from Plaintiff himself -- regarding Edelman's residence in London.

Plaintiff claims he is entitled to jurisdictional discovery regarding Edelman's long-expired California driver's license. If anything, an expired license supports Edelman's position that he does not reside in California and has no present intention to reside there in the future. Plaintiff is also wrong that he can only obtain information about Edelman's expired driver's license only from Edelman himself. The California Department of Motor Vehicles allows third parties to request official records regarding an individual's California driver's license "[f]or use in connection with any civil… litigation.…" See https://www.dmv.ca.gov/portal/uploads/2020/06/inf70.pdf.

**_Plaintiff's Complaint, Proof of Service and Affidavit of Service establish that Edelman resides in London_**. According to Plaintiff's own filings, Edelman "resides in London" at his London residence and, presumably for that reason, Plaintiff served Edelman with the Complaint in London. See **Ex. B**, Proof of Service (Doc. 11). In his

Proof of Service, Plaintiff unequivocally states that "Defendant Douglas Edelman, a United States citizen, <u>resides in London, England</u>." Proof of Service (Doc. 11), p.2 (emphasis added). Furthermore, in order to serve Edelman, Plaintiff followed the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (*see* Doc. 11-1, p.2), using Edelman's London address. As a matter of record, Plaintiff identifies Mr. Edelman's London address, at "14 Cottesmore Gardens, W8 5PR London," England. **Ex. C**, Affidavit of Service, Doc. 11-1, p.4. Edelman was then personally served with the Complaint at the Windmill Pub and Restaurant at 6-8 Mill Street in London. *Id.*, p.2. Indeed, the parties agree that Edelman does not, and has not, lived in the US for decades, yet Plaintiff persists in arguing alternative facts to support diversity jurisdiction where none exists.

**<u>Edelman's Last Known, And Presumptive, Domicile Is London</u>**. Once established, a person's last known domicile remains their domicile until and "unless rebutted with sufficient evidence of change." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (quoting *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013)). However, this presumption of domicile does not help Plaintiff's case, where Edelman lives in London (and did when the Complaint was filed), was served in London, has stated his intent to continue living in London, and has provided the Court corroborating documentation. Plaintiff reconfirms this in his recently filed New York action, where he alleges that Edelman "presently resides in London, England." See **Ex. D**, Complaint, *Buscher v. Sirius Energy S.A. DE C.V., et al.*, Index No. 650107/2021 ("New York Compl." ¶ 13). As such, Edelman's domicile is presumptively London, which, in either case, Plaintiff has known all along.

**<u>Edelman's Supplemental Declaration confirms his domicile in London</u>**. The Court has questioned where it is that Edelman lives, since he has not lived in the US for twenty-five (25) years. Although the record contains specific reference to Edelman's London residence and even his home address, Edelman's Supplemental Declaration and attached documentation confirm conclusively that Edelman's

1  domicile was and remains in London. Edelman even supplies two documents showing
2  that he and his wife were tenants at the Mansfield House, in London, from 2009
3  through 2011 (*see* Exhibit 1 to Edelman's Supp. Decl.). Edelman further states that,
4  prior to living in London, he lived and received mail in Ibiza, Spain (and not in
5  California or the US). Moreover, as Plaintiff has alleged to this Court and has been
6  confirmed by Edelman, Edelman's wife, Delphine Ledain, is a French citizen. *See*
7  Compl. ¶ 45. In his Supplemental Declaration, Edelman explains that as his spouse is
8  a European Union citizen and does not have a visa that permits her to live in the
9  United States on a permanent basis, that they have under no circumstance lived or
10 maintained a residence in the United States. More to the point, in May 2012, Edelman
11 applied, through counsel, for a European Economic Area (EEA) residence card, in
12 order to permanently reside in the United Kingdom with his wife. A copy of that May
13 29, 2012 letter is attached to the Supplemental Declaration as Exhibit 2.

14   Indeed, the Court referenced in its tentative order the case of *Motu Novu, LLC*
15 *v. Percival*, No. C 16-06545 SBA, 2018 U.S. Dist. Lexis 198681, at *15-16 (N.D.
16 Cal. May 7, 2018). The Court noted that in *Motu Novu* the defendant had applied for
17 an Italian tax ID number, stating Milan as his domicile. Edelman's EEA letter
18 application is very much the same, seeking confirmation of his residence in the UK
19 and as the spouse of a EEA national. This application was submitted by Edelman only
20 after he had resided in the UK since at least 2008 (documented by his tenancy at the
21 Mansfield House and present Cottesmore Gardens address in London). This objective
22 evidence corroborates that Edelman's domicile is London, England.

23   ***Plaintiff's Complaint establishes Edelman as a "stateless" citizen***. Plaintiff's
24 Complaint alleges that Edelman maintains a foreign domicile and has not lived in any
25 US state for many years. *See* Compl. ¶ 17 ("Edelman has gone to great lengths to
26 avoid having established residency in any particular State"), ¶ 24 ("Edelman argues
27 that he <u>resides outside the United States</u>"), ¶ 22 ("Edelman has lived outside the
28 United States for <u>nearly 30 years</u>"), ¶ 37 ("Edelman has lived abroad <u>since at least the</u>

early 1990s, in Russia, Kyrgyzstan, London (United Kingdom), Portugal, and Ibiza (Spain)," and ¶ 165 ("Edelman continued to live in Europe") (emphasis added); *see also* Edelman Declaration (Doc. 18-3), ¶¶ 2-4 ("I have lived outside of the United States for at least approximately the last twenty-five (25) years.") (emphasis added). If Edelman has not "established residency in any particular state," he cannot be domiciled in any state. *See Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (domicile is where the individual "***resides*** . . . with the intention to remain or to which she intends to return") (emphasis added).

      **_Domicile is determined at the time of filing_**. Jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (citation omitted). All facts "at the time of the action brought" show Edelman was living in London (Compl. ¶ 12; Proof of Service, p.2), Plaintiff was fully aware of Edelman's London address (Affidavit, p.2), and Edelman was served in London (Affidavit, p.4). Edelman's declarations of foreign residence and present intent, that he has not lived and does not intend to live in the United States, are corroborated by the objective record in this case. Plaintiff's hearsay references to various alleged historical connections to California and Texas, are uncorroborated, inadmissible, and happened years ago; thus, they are not relevant to the analysis of Edelman's domicile at the time the Complaint was filed.

      Under *Adams*, Plaintiff was required to first adduce evidence to "***establish***[]" that Edelman's last known domicile was California. 958 F.3d at 1221. A long-expired California driver's license cannot even trigger that presumption, in light of Plaintiff's own explicit admission that Edelman currently "resides" in London. "[A] person's residence constitutes ***some*** evidence of domicile. *Id*. at 1221 (emphasis original). But in any event, even if the presumption applies, the evidence proffered by Edelman clearly rebuts a California domicile. Discovery into an expired driver's license will not change that. Accordingly, Plaintiff cannot possibly carry his burden of proof to establish jurisdiction, and no hearing or discovery will change this result.

1 | Dated: March 1, 2021 | **BAKER McKENZIE LLP**

By: _____
   Perrie M. Weiner
   Barry J. Thompson
   Aaron T. Goodman

   Attorneys for Defendant
   Douglas Edelman