JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 20-9680 JVS (ASDx) | Date    March 4, 2021 |
| Title | Stephen Buscher v. Douglas Edelman, et al. | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant Douglas Edelman ("Edelman") filed two motions to dismiss the Complaint of Plaintiff Stephen Buscher ("Buscher") for lack of jurisdiction. Mot., Dkt. No. 17-1 (personal jurisdiction); Mot., Dkt. No. 18-1 (subject matter jurisdiction). Buscher opposed both motions. Opp'n., Dkt. No. 23; Opp'n, Dkt. No. 24. Edelman replied. Reply, Dkt. No. 28; Reply, Dkt. No. 29.

For the following reasons, the Court **GRANTS** the motion to dismiss for lack of subject matter jurisdiction and **VACATES AS MOOT** the motion to dismiss for lack of personal jurisdiction.

## I. BACKGROUND

The following facts are alleged in Buscher's complaint. See Compl., Dkt. No. 1.

The present case arises out of a joint venture between Buscher and Edelman, in which Buscher spent six years developing various oil and gas related business opportunities in Mexico, Russia, Canada, and Nevada (the "Joint Venture"). Id. ¶¶ 117–64. Buscher met Edelman in 2012 in Los Angeles, California and, over the course of a few days, reached a verbal agreement to form the Joint Venture. Id. ¶¶ 77–80. Buscher thereafter formed a Delaware limited liability corporation to serve as his personal holding company for purposes of the Joint Venture. Id. ¶ 86. After pursuing multiple opportunities on behalf of the Joint Venture, Edelman failed to issue shares to Buscher in a British Virgin Islands company, Lang Holding International Ltd. (BVI) ("Lang"), and a Dutch company, Lanius B.V. ("Lanius"). Id. ¶¶ 310–11.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9680 JVS (ASDx)                                Date   March 4, 2021

Title      Stephen Buscher v. Douglas Edelman, et al.

Buscher brought thirteen causes of action against Edelman, for: (1) breach of contract; (2) breach of implied-in-fact contract; (3) breach of implied covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) deceit/ intentional fraud; (6) promissory fraud; (7) violation of Cal. Bus. & Prof. Code § 17200, *et seq*.; (8) conversion; (9) unjust enrichment; (10) money had and received; (11) intentional interference with contractual relations; (12) intentional interference with prospective economic advantage; and (13) declaratory relief. See generally id.

## II.  LEGAL STANDARD

### A. Subject Matter Jurisdiction

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### B. Personal Jurisdiction

Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9680 JVS (ASDx)                                    Date   March 4, 2021

Title   Stephen Buscher v. Douglas Edelman, et al.

and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291, 292, 297.

Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. P. § 410.10; see also Yahoo!, 433 F.3d at 1205.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must also be supported by competent proof. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).  In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)). To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor. Id.; Schwarzenegger, 374 F.3d at 800.

Personal jurisdiction may be premised on general personal jurisdiction (based on a defendant's continuous presence in a state) or specific personal jurisdiction (based on specific contacts with the state specifically related to the claims at issue).

**III. DISCUSSION**

**A. Subject Matter Jurisdiction**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-9680 JVS (ASDx) | Date | March 4, 2021 |

| | |
|---|---|
| Title | Stephen Buscher v. Douglas Edelman, et al. |

In one motion of his two motions, Edelman urges the Court to dismiss Buscher's claims for lack of subject matter jurisdiction. Mot., Dkt. No. 18–1. Specifically, Edelman argues that diversity jurisdiction cannot lie in this case because, while he is a citizen of the United States, he has lived abroad for the past 25 years and thus "he is 'stateless' for the purposes of determining diversity jurisdiction." Id., at 12. Buscher, by contrast, alleges that Edelman is domiciled in California because California was Edelman's last known permanent residence and he has failed to identify a new permanent residence elsewhere. See Opp'n. Dkt. No. 23, at 7.

The requirements for diversity jurisdiction are set forth in 28 U.S.C. § 1332, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Buscher argues that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1), on the grounds that he is a Florida citizen and that Edelman is a California Citizen.[1] "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (citation omitted). In other words, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) only if "each defendant is a

---

[1]Buscher's complaint originally also alleged alienage jurisdiction under 28 U.S.C. § 1332(a)(2), but the opposition notes that Edelman has since clarified that he is a United States citizen, so Buscher now only argues that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). See Opp'n., Dkt. No. 23, n. 1.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9680 JVS (ASDx)                              Date   March 4, 2021

Title   Stephen Buscher v. Douglas Edelman, et al.

citizen of a different State from each plaintiff." <u>Owen</u> <u>Equip.</u> & <u>Erection</u> <u>Co.</u> v. <u>Kroger</u>, 437 U.S. 365, 373 (1978) (emphasis omitted). The parties' citizenship is assessed as of the date the plaintiff filed the Complaint. <u>See</u> <u>Smith</u> v. <u>Sperling</u>, 354 U.S. 91, 93 n.1 (1957).

The parties agree that most of the criteria for diversity jurisdiction are easily met. Buscher's Complaint alleges that: (1) Buscher is a United States citizen domiciled in Florida (Compl., Dkt. No. 1, ¶ 11); (2) Edelman's conduct damaged Buscher in an amount exceeding $75,000 (<u>Id.</u> ¶ 15); and (3) Edelman is a United States citizen. (<u>Id.</u> at ¶ 36). Edelman's motion argues only that the final jurisdictional requirement– complete diversity– is not met. <u>See</u> <u>generally</u> Mot., Dkt. No. 18–1.

Edelman asserts that he cannot be deemed to be a "citizen" of California because he has been living abroad for 25 years and is thus "stateless" for the purposes of diversity jurisdiction. Mot., Dkt. No. 18–1, at 12. In support of his argument, Edelman cites to cases in which the defendants at issue had established a domicile abroad. <u>See</u> e.g., <u>Turan</u> <u>Petroleum,</u> <u>Inc.</u> v. <u>Lentin</u>, 482 F. Supp. 2d 1170, 1170 (C.D. Cal. 2007) (defendant had lived in Canada for 30 years and "intended to reside in Canada for the rest of [her] life"). In the declaration attached to his motion, Edelman claims that he "intend[s] to continue living outside the United States." <u>See</u> Edeleman Decl., Dkt. No. 18–3, ¶ 4. This indefinite statement is not sufficient to establish a domicile. Merely living abroad without intending to live in a specific place does not change one's domicile. In his reply, however, Edelman seems to argue for the first time that he has established a domicile in London. Specifically, Edelman states: "Regardless, even if Mr. Edelman were not domiciled in London, *which he is*, he would be domiciled in Spain, Portugal, Russia, etc., and in no event in the United States." Reply, Dkt. No. 28, at 4 (emphasis added). This self-serving statement in a moving paper, though, is of no import to the Court's determination of Edelman's domicile, as in his reply Edelman provided no *evidence* to support the claim that he is domiciled in London (or Spain, Portugal, or Russia).

Edelman argues that the domicile analysis in the present case is similar to that at issue in <u>Motu</u> <u>Novu,</u> <u>LLC</u> v. <u>Percival</u>, No. C 16-06545 SBA, 2018 U.S. Dist. LEXIS 198681, at 15-16 (N.D. Cal. May 7, 2018). Reply, Dkt. No. 28, at 6. In <u>Motu</u> <u>Novu</u>, the Court found that subject matter jurisdiction was lacking where the Defendant had lived abroad for many years and established his domicile in Italy. In order to support his claim

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 20-9680 JVS (ASDx)                                Date    March 4, 2021

Title        Stephen Buscher v. Douglas Edelman, et al.

that he was domiciled in Italy, the <u>Motu Novu</u> defendant noted "that he applied for an Italian tax ID number in 2002. . . [and] [o]n the application, Defendant represented that he was a resident of Milan and elected Milan as his tax domicile." <u>Id.</u>

In response to a hearing request by Buscher, Edelman filed a supplemental declaration that does seem to provide evidence for his previously unsupported claim that he is domiciled in London. <u>See generally</u> Response, Dkt. No. 43. Specifically, Edelman states in a declaration: "I presently live in London, England, at 14 Cottesmore Gardens, W8 5PR London, England (my primary residence and home), and plan to continue living at this location for the foreseeable future." Edelman Supplemental Decl., Dkt. No. 34, Ex. A ¶ 5. Moreover, Edelman provides the Court with a 2009 and 2010 Memorandum of Agreement showing that both he and his wife were tenants of the Mansfield House, also in London, prior to maintaining their current residence. <u>See</u> Response, Dkt. No, 34, Ex. 1. Edelman further provided the Court with a copy of his application for a European Economic Area ("EEA") residence card which would allow Edelman to reside in the United Kingdom. <u>Id.</u>, Ex. 2. Finally, Edelman provided a Court with a copy of his Insurance Card from AXA that includes comprehensive global health coverage that specifically excludes the United States. <u>Id.</u>, Ex. 2. Taken together, this evidence provides the Court with sufficient information to conclude that Edelman is indeed domiciled in London.

There is a rebuttable presumption that, once established, a person's last known domicile remains their domicile until and "unless rebutted with sufficient evidence of change." <u>Adams v. W. Marine Prods., Inc.</u>, 958 F.3d 1216, 1221 (9th Cir. 2020) (quoting <u>Mondragon v. Capital One Auto Fin.</u>, 736 F.3d 880, 884 (9th Cir. 2013)).

Buscher argues that Edelman's last known domicile was California. To support this claim, Buscher provides evidence that Edelman was issued a valid California driver's license in February 2007, which did not expire until February 2017. <u>See</u> Brunon Decl., Dkt. No. 23–4, ¶ 5. Buscher also notes that the California Department of Motor Vehicles requires proof of California residency to issue a California driver's license. Opp'n., Dkt. No. 23, at 9. Furthermore, Buscher provides evidence that Edelman owned a home in Stockton, California until 1990, which was the last residence that Edelman demonstrably and provably owned (at least in his own name) and lived at on a permanent basis. <u>Id.</u>, at 10; <u>see also</u> Brunon Decl. ¶ 6.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-9680 JVS (ASDx)                    Date   March 4, 2021

Title   Stephen Buscher v. Douglas Edelman, et al.

        However, as discussed above, Edelman has provided the Court with evidence that he has lived in London more recently than in Stockton California, and that he intends to continue to live in London. Assuming that Edelman was once domiciled in California, he has provided sufficient evidence to rebut the presumption that he is still domiciled there.

        Accordingly, the Court cannot exercise diversity jurisdiction over this matter. The Court therefore GRANTS the motion to dismiss for lack of subject matter jurisdiction without prejudice.

### B. Personal Jurisdiction

        Edelman next urges the Court to dismiss Buscher's suit for lack of personal jurisdiction. Mot., Dkt. No 17-1. Having granted the motion to dismiss for lack of subject matter jurisdiction, the Court will not reach the issue of personal jurisdiction. The Court VACATES the motion at Dkt. No. 17-1 as moot.

### IV.  CONCLUSION

        For the foregoing reasons, the Court **GRANTS** the motion to dismiss for lack of subject matter jurisdiction, and **VACATES AS MOOT** the motion to dismiss for lack of personal jurisdiction. The case is hereby dismissed without prejudice.

        The Court has reviewed the request for oral argument filed Buscher regarding the Court's tentative. See Request, Dkt. No. 32. The Court has also reviewed the response filed by Edelman. See Response, Dkt. No. 34. The Court finds that oral argument will not be helpful in this matter.  Fed. R. Civ. P. 78; L-R 7–15. Accordingly, the Court **DENIES** Buscher's request for a hearing.

        **IT IS SO ORDERED.**